**FORREST v. ORANGE PRINTING CO. et al.**

### No. 8657.

Court of Civil Appeals of Texas. San Antonio.

Nov. 4, 1931.

Jos. A. Dickey, of San Antonio, for plaintiff in error.

Fellbaum & Fellbaum, of San Antonio, for defendants in error.

### SMITH, J.

This suit was instituted in a justice of the peace court by plaintiff in error on September 28, 1929, to recover of defendant in error upon a promissory note, which by its terms would have been barred by limitations on the following day, September 29. Citation was issued to defendant in error on the same day the suit was filed, and was served on October 5, following. The cause was in fact returnable on October 28, the beginning day of the ensuing term, but through an obvious typographical error in the citation, the return day was recited to be October 28, 1928, instead of October 28, 1929, the true date. The defendant in the suit, defendant in error herein, moved in the justice of the peace court to quash the citation, upon the ground that the citation required the defendant to appear on an impossible date, as disclosed by said typographical error. The transcript does not disclose that this motion was acted upon by the justice of the peace, but does disclose that the defendant answered to the merits in that court, and that the plaintiff therein appealed to the county court from an adverse judgment.

On appeal, the cause was tried in the county court, wherein judgment was rendered against appellant upon the sole ground that his cause of action was barred by the statute of limitations (Rev. St. 1925, art. 5527), in "that said suit was commenced more than four years after plaintiff's cause of action accrued; that said cause of action accrued on the 29th day of September, 1929, and that citation herein was issued out of the Justice of Peace Court, Precinct No. One, Bexar County, Texas, on the 28th day of September, 1929, but that said citation required defendants to appear at an impossible date, and that said citation was insufficient to constitute a commencement of this action; and the court further finds that the answer filed herein by defendants, which said answer goes to

the merits of the case, does not waive the defects in the citation issued herein."

The effect of these recitals in the judgment is that the suit was actually filed and citation issued thereon prior to the date the cause of action therein asserted was barred by the statute, but that the trial court concluded as a matter of law, that, because the justice of the peace made a typographical error in the body of the citation, the filing of the suit and issuance of citation therein did not interrupt the course of limitations. In this conclusion of law, we think the court erred.

The filing of a suit prior to the completion of the limitation period automatically interrupts the course of limitation, provided the suit is filed with the intention of prompt issuance of citation thereon upon the defendant, and the exercise of diligence to procure prompt service thereof. Here the suit was filed before the day on which the action would have been barred, and at the same time plaintiff in error, through his counsel, made written request of the justice of the peace that he issue citation on that day, "as the note will be barred tomorrow, the 29th," and citation was in fact issued the very day suit was filed, thus completely cutting off the bar of limitation. The act of the justice of the peace in allowing a typographical error to creep into the citation could not impair plaintiff in error's right to prosecute his suit, timely instituted.

The judgment is reversed, and the cause remanded.