Simpson, Dorenfield, Foster & Fullingim, of Amarillo, and Alfred M. Scott, of Lubbock, for appellant.

Robert P. Brown, of San Angelo, and D. H. Bradley, of Lubbock, for appellee.

## MARYLAND CASUALTY CO. v. JONES.

### No. 4111.

Court of Civil Appeals of Texas. Amarillo.

April 30, 1934.

Rehearing Denied July 2, 1934.

MARTIN, Justice.

This is a workmen's compensation case. Its general nature is sufficiently shown by the following quotation from appellee's second amended original petition: "Plaintiff would further show that on the 13th day of November, 1931, he was employed as a day laborer and carpenter's. helper in the construction of the aforesaid building and while working on a scaffold about ten feet, more or less, above the ground, through the negligence of said construction company said scaffold fell and plaintiff was catapulted to the concrete floor where a heavy timber fell, breaking plaintiff's left leg above the ankle; and plaintiff would further show that by virtue of the aforesaid breaking of the bones in the left leg, it has failed to properly heal in that the bones have not healed together, being in a strained and crooked position, leaving the leg in such condition in that the bones have not grown back properly, resulting in pain, swelling and irritation, that it has lost its functioning powers, preventing plaintiff from bearing his weight upon the same without intense and excruciating pain, such pain preventing the use of the said left leg, there being a total loss of the use of the same, which plaintiff alleges is permanent; plaintiff would further show that he cannot use the leg to walk or stand upon and carry on his labors in view of the fact that an acute, intense and excruciating pain emanates from and flows to the other parts of

his body, causing his entire body and nervous system to be upset and useless while walking or standing on the same; and further that he could perform some sort of labor if it were not for the great pain and discomfort to the entire body flowing from the broken and unhealed bones of the leg together with the torn ligaments, muscles and tissues, in that the pain coming from the unhealed and permanently injured leg prevents him from using the other parts of his body, he being forced to walk with crutches at all times, resulting in a total disability to the entire body as far as the performance of labor for wage and profit is concerned; plaintiff would further show that he has been totally disabled from performance of labor since the 13th day of November, 1931, to this time, and he further says that he will be totally disabled in the future for a period of two hundred seventy one (271) weeks; and plaintiff would further show that all of the aforesaid injuries were received while plaintiff was working in the due course of his employment.".

Judgment was entered for appellee upon the answers to special issues submitted to the jury.

It is not necessary to set out the evidence respecting the injury further than to say that it fully sustained the allegations quoted above.

The major legal issue here is raised by the following evidence: An award was made in this case by the Industrial Accident Board on June 30, 1932. Notice of intention by appellee not to abide by said award was received by said Board on July 7, 1932. On July 23, 1932, appellee filed this suit in the district court of Lubbock county to set aside said award, accompanying his petition with the following letter:

"July 21, 1932.
"District Clerk, Lubbock, Texas.
"Dear Sir:
"Enclosed you will find plaintiff's original petition in E. E. Jones v. Maryland Casualty Company. Please file same in your Civil District Court, numbering said Court at the beginning of the said petition.

"You need not issue service on this petition, as a waiver will be entered.

"Please advise when this has been filed. Costs of court will be forthcoming.

"Very truly yours,
"[Signed] Robert P. Brown."

It further appears that appellee almost immediately thereafter endeavored to procure a waiver of the issuance and service of citation, but failed, and then requested the issuance of a citation and one was duly issued on August 25, 1932.

We are confronted at the outset with a serious and original question on its facts, based upon appellant's assignment questioning the court's action in overruling its plea to the trial court's jurisdiction. In substance, appellant's proposition under this assignment is that the record upon the above facts shows as a matter of law appellee failed to "institute and prosecute" his suit within the twenty-day period prescribed by section 5 of article 8307, R. S. 1925, as amended (see Acts 42d Legislature 1931, p. 378, c. 224, § 1 [Vernon's Ann. Civ. St. art. 8307, § 5]), and the district court of Lubbock county was therefore without jurisdiction to hear and determine this cause. The pertinent provisions of the above statute are as follows: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision. * * * If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto * * *."

Construing this, Judge Critz holds that the phrases "bring suit" and "institute and prosecute," occurring in the quoted language of said article, mean the same thing. He further observes: "But we think that the party appealing from the rulings and decision of the board has complied with this statute when he files his petition in the proper court with the bona fide intent that citation shall issue and be served at once upon the defendants." Ocean Accident & Guaranty Corporation v. May (Tex. Com. App.) 15 S.W.(2d) 594, 597.

This last-quoted language is but the restatement of a rule long obtaining in Texas, and expressed in somewhat variant language in many cases. We quote from one of these: "It is the settled law of this state that the mere filing of the petition in a suit of this nature does not toll the statute of limitations. There must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served. Ricker v. Shoemaker, 81 Tex. 22, 16

S. W. 645; Hannaman v. Gordon (Tex. Com. App.) 261 S. W. 1006; Ferguson v. Estes & Alexander (Tex. Civ. App.) 214 S. W. 465; Wood v. Railway Co., 15 Tex. Civ. App. 322, 40 S. W. 25; Railway v. Hubbard (Tex. Civ. App.) 190 S. W. 793; Estes v. McWhorter (Tex. Civ. App.) 182 S. W. 887, and cases there cited." Austin v. Proctor (Tex. Civ. App.) 291 S. W. 702, 703.

Notwithstanding this pointed language, we are not able to reach the conclusion that this case should be reversed and rendered upon the hypothesis that the facts present here conclusively show as a matter of law that appellee did not "institute and prosecute" his suit within the said twenty-day period. Rather we think a fact issue was presented for the determination of a jury. This we now attempt to demonstrate. The record shows conclusively that appellee filed his suit within the twenty-day period required by article 8307, but had the issuance of citation delayed and same was not issued until a few days after such period; it appearing that his excuse for the delay was his attempt to secure a waiver of service. His suit was "instituted" before the limitation period, but appellant claims it was not "prosecuted," so that the point turns on the effect to be given to the statutory demand that it be not only instituted but also "prosecuted."

"To prosecute the suit, is, according to the common acceptation of language, to continue that demand [which has been made] * * * by the institution of process in a court of justice." Cohens v. Virginia, 19 U. S. (6 Wheat.) 264, 408, 5 L. Ed. 257.

"To prosecute an action or suit [is] * * * to follow up or carry on such suit or action." Inhabitants of Knowlton Tp. v. Read, 11 N. J. Law (6 Halst.) 320.

"It signifies not only to follow, but to follow intensively without intermission; to carry on, to continue * * *." 50 C. J. 794.

■ Two methods of bringing a defendant within the court's jurisdiction so as to authorize the rendition of a valid judgment against him are expressly authorized, and pointedly provided for by statute. One by the issuance and service of process; the other, by filing a waiver of its issuance and service. In 1846 the Legislature of Texas provided for both methods, setting them into the same chapter, and apparently placing them on the same plane. See Gammel's Laws of Texas, vol. 2, pp. 1671, 1672 and 1673. The latter provision has since been carried forward, and with some changes in its original verbiage now appears as article 2045, R. S. 1925, in the following language: "The defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him or by his duly authorized agent or attorney, and filed among the papers of the cause; and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law."

Suppose in this case that appellee had succeeded in securing the waiver in question, and filed same with the papers in the case, before the expiration of the twenty-day period allowed him for bringing suit. Would any judicial mind doubt that the statute had been sufficiently complied with, or that such procedure would have, in the language of article 2045, "the same force and effect as if the citation had been issued and served as provided by law"? Is he then failing to prosecute, or "carry on," if he bona fide and diligently seeks without intermission to secure that which the law declares will be the same as the "issuance and service" of process? Will the law give him a right, but immediately render it a sterile and vain thing, by denying him any chance to secure it? A litigant must wait to secure such waiver until after suit is filed. Article 2224, R. S. 1925; McAnelly v. Ward, 72 Tex. 342, 12 S. W. 206. The statute denies him the right before suit, and if the courts construe his efforts to obtain one after suit as negligence, then article 2045, for all practical purposes, is a mere abstraction.

The Legislature evidently meant something in the enactment of article 2045. What was it, if the only possible thing appellee could do in this case to save himself was to bona fide intend to immediately have issued and served a citation? A bona fide and diligent effort to secure the issuance of a citation, though he failed, would toll the statute of limitation, but the legal effect of appellant's contention is that the same effort to secure that which the statute says is the equivalent of a citation does not interrupt the running of limitation; it is not the "carrying on" contemplated by law, it constitutes negligence in fact that authorizes a court to conclusively presume as a matter of law that the plaintiff in such case has failed to prosecute his cause. We cannot agree with this latter view. At all events we think where a record, as here, shows the efforts of appellee were directed towards securing that which brought the defendant into court as effectually as the issuance and service of citation, it ought not to

be held as a matter of law that he failed to prosecute his case.

This one fact distinguishes this case, it seems to us, from those relied on by appellant. We have been largely influenced to thus conclude by the language of article 2045 already quoted. This article apparently broadens the legal effect given an ordinary appearance in court. If not, we are not able to perceive any reason for its passage. The defendant could voluntarily file an answer to a suit before the enactment of this statute. It gave him no new right. Therefore it must have been enacted primarily for the benefit of the plaintiff. The assignment is overruled.

■ In this case the trial court refused to permit the jury to hear any evidence respecting the above, or submit to them any issue regarding same, but held the issue was one of law only. We sustain the appellant's assignment of error questioning the court's action in this regard. Gulf, C. & S. F. Ry. Co. v. Flatt (Tex. Civ. App.) 36 S. W. 1029; Panhandle & Santa Fé Ry. Co. v. Hubbard (Tex. Civ. App.) 190 S. W. 793; 28 Tex. Jur. p. 197; Russell v. Taylor, 121 Tex. 450, 49 S.W.(2d) 733, 737; Forrest v. Orange Printing Co. et al. (Tex. Civ. App.) 43 S.W.(2d) 132; Godshalk v. Martin et ux. (Tex. Civ. App.) 200 S. W. 535.

■ The substance of another contention of appellant is that appellee sued only for a general injury, and the evidence having raised an issue of a specific injury to the left foot only, the same should have been submitted as an issue to the jury. The evidence in our opinion raises no such issue. We quote: "To be 'specific' within the meaning of the cited article, the injury must relate to the injured member alone, and incapacity must relate alone to the loss of the use of the injured member." Millers' Ind. Underwriters v. Cahal (Tex. Civ. App.) 257 S. W. 957, 959. See also Bankers' Lloyds v. Seymour (Tex. Civ. App.) 49 S.W.(2d) 508, and authorities there collated. Here the evidence is that appellee's leg was broken in three places, and he had to go on crutches, incapacitating him from performing the ordinary and customary duties of a workman. As we view the record there is no evidence that his incapacity related alone to the loss of the use of his foot or even that his foot was directly injured in the alleged accident.

We are of the opinion that the evidence sufficiently, though meagerly perhaps, showed that the alleged injury to appellee occurred in Lubbock county.

Other assignments relate to alleged errors that are not properly presented, and will not be considered. None are supported in the brief by proper statements as required by the rules.

For the error mentioned the judgment is reversed, and cause remanded.