## JASPER v. LIBERTY MUT. INS. CO.
### No. 3708.

Court of Civil Appeals of Texas. El Paso.
July 14, 1938.

Rehearing Denied Aug. 12, 1938.

J. Lee Zumwalt, of Dallas, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster and Geo. P. Gardere, all of Dallas, for appellee.

NEALON, Chief Justice.

Liberty Mutual Insurance Company, appellee, as plaintiff, brought this suit in the District Court of Dallas County against Joseph W. Jasper, Dr. Andrew Small, and the Methodist Hospital of Dallas, to set aside an award of the Industrial Accident Board in favor of said defendants. By the terms of the award appellee had been ordered to pay appellant Jasper $16.64 per week for twenty-six consecutive weeks from the date on which he underwent an operation for hernia, and to pay Dr. Small $100 and the Methodist Hospital of Dallas $129.10 for medical and surgical and hospital services, together with other amounts for ambulance and nurses services. Defendant Small answered on December 23, 1936, by general demurrer, general denial and cross-action for $100 for services. Defendant Jasper answered by general demurrer, general denial and cross-action in which he prayed for judgment for the sum of $16.64 for the period of twenty-six weeks, as well as for the other amounts that had been awarded to him by the Industrial Accident Board. The amounts for which he prayed judgment were exactly those allowed by the award. In the alternative he prayed that if he were not entitled to compensation for hernia, then he had received an injury which incapacitated him from discharging the duties under his employment and required the surgical and hospital services alleged, and destroyed his capacity to labor for a period of thirty weeks; that the claim had been presented to the Industrial Accident Board; that the Board had made an award and determination, "from which an appeal was prosecuted to the District Court." His prayer was that he recover from the plaintiff the amounts allowed for hernia, or, in the alternative, compensation for the injury and the hospital and doctor's expenses, with interest.

January 6, 1937, appellee filed its answer to appellant's cross-action. On June 6, 1937, on motion of appellee the court dismissed appellee's appeal from the action of the Industrial Accident Board, whereupon defendant filed and urged a motion praying the court to enter judgment confirming the award of the Board. This motion was overruled and appellant duly excepted.

The cause went to trial before a jury, which, in response to special issues, found that appellant, on or about April 1, 1936, while an employee of D. M. Suppenstein, received in the course of his employment personal injuries which resulted in a hernia, but that it was not definitely proved to the jury's satisfaction that the hernia

occurred suddenly and immediately following the injury. The jury did find that the hernia did not exist in any degree prior to the injury; that the injury was accompanied by pain; that it incapacitated appellant' for labor for a period· of six weeks. Other jurisdictional facts were found in favor of appellant. Appellant and appellee each filed a motion to enter judgment. Judgment was entered in favor of appellee, and it is from this judgment that appellant appeals.

## Opinion.

■ Appellant assigned as error the refusal of the court to enter a judgment enforcing the award· of the Industrial Accident Board after permitting appellee to dismiss its appeal. We think there was no error in this action. As part of his own case appellant pleaded that an appeal from the award and determination of the Board was prosecuted to "this court," meaning the trial court involved in this proceeding. The entire record confirms this allegation. The appeal was filed in due time, the petition filed by the insurance carrier contained the necessary jurisdictional allegations, and appellant made his appearance in answer to the petition and filed his cross-action. So that it is apparent that appellee complied with the provisions of Article 8307, R.C.S. 1925, Vernon's Ann.Civ.St. art. 8307, with respect to instituting and prosecuting a suit to set aside the award. It was not necessary in order to give the court jurisdiction and vacate the award of the Board that appellee should do more than was done by it in this case. Ocean Accident & Guaranty Corp. v. May, Tex.Com.App., 15 S.W.2d 594; Maryland Casualty Co. v. Jones, Tex.Civ.App. 73 S.W.2d 668; Id., Tex.Com.App., 104 S.W.2d 847. The statute (Art. 8307, R.C.S.1925, Sec. 5, Vernon's Ann.Civ.St. art. 8307, § 5) provides that upon appeal the court shall determine the issues "upon trial de novo and the burden of proof shall be upon the party claiming compensation." There was, therefore, nothing further for appellee to do in the way of prosecuting its claim. The statute gives the appealing carrier which has perfected its appeal and brought the claimant into court to the extent of filing an answer and cross-action an absolute right to have the issue determined by the court, with the burden upon the claimant to prove his case. A different rule might apply were the purpose of the appeal merely to determine if the Board had erred in making its award upon the evidence before it, but such is not the character of appeal provided for by our statutes. When all parties were before the court, as in the instant case, the award was vacated, and, except for jurisdictional purposes, was as though it had not been. Texas Reciprocal Insurance Co. v. Leger, 128 Tex. 319, 97 S.W.2d 677; Zurich General Accident & Liability Ins. Co. Ltd. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674. Appellant argues that it was the duty of the District Court, upon the dismissal of the appeal, to enter judgment confirming the award, insisting that the situation ·is analogous to that resulting when an appeal from a district court to the Court of Civil Appeals is dismissed. There is a radical difference. The Court of Civil Appeals must presume, until convinced to the contrary, that the judgment of the District Court was correct. When the appeal is from the Industrial Accident Board no such presumption obtains. The situation is more nearly analogous to the one that results when there is an appeal from a justice's court to a county court. In such case, when the appeal is perfected the judgment is vacated, and the reviewing court has no power to revive it. Roberts v. McCamant, 70 Tex. 743, 8 S.W. 543; Bender v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395. Such is the result of the provision that the trial shall be de novo.

■ Appellant further . assigns as error the refusal of the court to enter judgment in his favor for six weeks upon the findings of the jury, despite the fact that it found that the rupture was not sudden. He insists that since it was an injury that incapacitated him for a certain length of time he should receive compensation for that time. His whole case was predicated upon the theory that his injury produced a hernia. Such were the pleadings, ·and the evidence was introduced upon the same theory. This contention is not sound. Appellant has not made a case in which the result of the hernia has produced a physical condition different from that which is the common and recognized result accompanying and following a hernia. Therefore, his injury was specific and his rights are controlled by the statutory provisions respecting the specific injury of hernia. Vernon's Ann.Civ.St. art. 8306, subd. 12b. Texas Employers' Ins. Ass'n v. Lemons, Tex.Civ. App., 33 S.W.2d 251, writ refused; Ellis v. United States Fidelity & Guaranty Co.,

Tex.Civ.App., 6 S.W.2d 811. The finding, made upon sufficient evidence, that the hernia did not appear suddenly and immediately following the injury destroyed appellant's cause of action. "It was as essential that the hernia appear 'suddenly and immediately following the injury' as that it occur in the course of his employment, or that it did not exist in any degree prior to the injury, or that the injury was accompanied by pain." Travelers' Ins. Co. v. Washington, Tex.Civ.App., 5 S.W.2d 783, 784, writ refused.

All of the propositions of appellant and all of his assignments of error have been fully considered and are overruled.

Judgment is affirmed.