**OCEAN ACCIDENT & GUARANTY CORPORATION, Limited, v. MAY et al.**
(No. 1223—5242.)

Commission of Appeals of Texas, Section A. April 3, 1929.

Foster & Fullingim, of Amarillo, for plaintiff in error.

F. H. McGregor, of Amarillo, for defendants in error.

CRITZ, J. This suit was originally filed in the district court of Potter county, Tex., by H. R. May and F. H. McGregor against the Ocean Accident Guaranty Corporation, Limited, a foreign corporation doing business in this state, hereinafter called Guaranty Corporation, to mature an award theretofore made by the Industrial Accident Board of this state in favor of said May and McGregor, and against said Guaranty Corporation. As a defense to this suit, the Guaranty Corporation interposed a plea in abatement, which, in substance, alleged that May filed claim for compensation with the Industrial Accident Board of Texas against said Guaranty Corporation, and that on December 20, 1926, said board made and entered its final award on said claim awarding said May compensation to be paid by said Guaranty Corporation at the rate of $20 per week for 401 weeks, and further awarded certain attorney's fees to be paid by said Guaranty Corporation to said McGregor; that said Guaranty Corporation had duly appealed from said award of said Industrial Accident Board to the district court of Potter county, Tex., the court having jurisdiction under the laws of this state; that said appeal was then pending and undecided in said court, being cause No. 5253 of the docket of said court, styled Ocean Accident & Guarantee Corporation, Limited, v. H. R. May and F. H. McGregor; that all the matters and things complained of in this suit are involved in cause No. 5253, and that said May

and McGregor had no right to prosecute this suit until said cause No. 5253 is finally disposed of by said district court.

Trial was had on the above plea in abatement in the district court of Potter county before a jury, and, after hearing evidence on said plea, the trial court peremptorily instructed the jury to return a verdict in favor of the Guaranty Corporation, said charge being as follows: "It appearing that cause No. 5253 pending on the docket of this court and now entitled Ocean Accident and Guarantee Corporation, Limited, v. H. R. May et al. has not been disposed of and is now pending on the docket of this court and that the right of plaintiff to recover in this cause No. 5324 is dependent upon the final disposition of said cause No. 5253, you will return your verdict in favor of the defendant on the plea in abatement in this cause."

In response to said charge the jury returned the following verdict: "We, the jury, find in favor of the defendant in the above entitled and numbered cause on its plea in abatement."

In accordance with said verdict the trial court entered in this suit the following judgment: "It is therefore considered by the court that the plaintiff's suit is prematurely brought, and it is further considered, ordered and adjudged by the court that plaintiff's said suit be and is hereby abated and dismissed without prejudice to the plaintiffs to refile the same at any time in the future that the right to bring the same may accrue to them, and that defendant do have and recover of and from said plaintiff H. R. May all costs in this behalf incurred, to which action, judgment, and decree of the court plaintiffs in open court duly excepted and gave notice of appeal to the Court of Civil Appeals of the Seventh judicial district of Texas."

May and McGregor duly perfected appeal from the above judgment in this suit to the Court of Civil Appeals for the Seventh District at Amarillo, which court reversed the judgment of the district court and rendered judgment in favor of May and McGregor, overruling said plea in abatement, and remanded the case to the district court for trial on the merits (Tex. Civ. App.) 6 S.W.(2d) 803. The case is now before the Supreme Court on writ of error granted on application of the Guaranty Corporation.

The other salient facts of this case are fully stated in the opinion of the Court of Civil Appeals, and, as they are very extended, for brevity we here refer to the opinion of that court for further statement of the case.

As shown by the above statement, and the statement of the Court of Civil Appeals, the decision as to whether this suit should abate depends on the question as to whether the proceedings had in the first suit No. 5253, in the same court, are sufficient to constitute an appeal from the award of the Accident Board by the Guaranty Corporation against May and McGregor.

■■ It is our opinion that under the facts of this case, as set out above and as set out in the opinion of the Court of Civil Appeals, if the petition contained in the wrapper indorsed No. 5253, H. W. Underhill Construction Co. v. H. R. May et al., and, as shown by the indorsement on the wrapper, was filed January 6, 1927, was contained in said wrapper at the time it was delivered to the clerk of the district court, it was sufficient to constitute the filing of an appeal from the award of the Industrial Accident Board with reference to the matters therein set forth and contained, and the mere fact that said petition was erroneously indorsed, W. H. Underhill Construction Company v. H. R. May et al. would not render such filing a nullity, but, on the other hand, such erroneous indorsement would be a mere irregularity. We are further of the opinion that on a proper showing in said first cause No. 5253, the trial court had the right and it was his duty to enter such orders and decrees as were proper and necessary to correct the indorsements on the papers and records of said court involved so as to make them speak the truth. We are further of the opinion that there is no legal showing in this case to justify a conclusion that the trial court committed any error in the orders entered by him in cause No. 5253 correcting the papers and records in that case. At any rate, so far as disclosed by this record, the orders in said original cause No. 5253 still stand undisturbed and in force. They certainly are not void, and therefore are not subject to collateral attack.

■ The Court of Civil Appeals holds in effect that the failure on the part of the Guaranty Corporation to file its petition in the district court, within the 20 days provided by statute, deprived the district court of any jurisdiction to consider, as pending, the suit No. 5253 in abatement of the present suit. Had the evidence justified the conclusion that the Guaranty Company had not filed such a suit, then of course the other conclusion would be correct. We do not think that the evidence justifies a holding that the Guaranty Corporation did not file the first suit. It is, of course, as a general rule, presumed that a public officer did his duty, and, under such general presumption, in the absence of evidence to the contrary, it would be presumed that the district clerk made no mistake in cause No. 5253, but we think that in the condition of the record in cause No. 5253, as set forth in the opinion of the Court of Civil Appeals, it must conclusively presumed that the wrapper in which the petition of the Guaranty Corporation is shown to have been contained was filed on January 6, 1927, within the time prescribed by law. It is indorsed, "Filed Jan. 6, 1927, J. C. Skillman, District Clerk, Potter Co. Tex." If the petition of

the Guaranty Corporation was not in the wrapper at the time the file mark was placed thereon, then it must have been placed therein after it was filed, and we think that the evidence in this case will not in law justify such a conclusion. In other words, if the petition has been added to the wrapper after .the filing, a felony has been committed by some one. We would not indulge such a presumption from the facts of this record, but, on the other hand, indulge the contrary presumption. In fact there are no circumstances shown in the record that would justify such a holding. The citation, issued by the clerk in cause No. 5253, on January 8, 1927, two days after the filing of the petition in said cause No. 5253, though perhaps so defective as to be subject to being quashed on proper motion, when carefully read, shows conclusively that it is issued in a case attacking the action and judgment of the Industrial Board, and shows upon its face that a petition to set aside the award of the Accident Board was in the wrapper at the time the citation was prepared and issued, and that the Ocean Accident & Guaranty Corporation was the insurer, and that in all probability the mistakes in the citation were caused by the erroneous indorsement on the said wrapper.

The Court of Civil Appeals seems to lay stress on the provision of section 5 of article 8307, R. C. S. 1925, which provides: "If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said 20 days to *institute* and *prosecute* [italics ours] a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto," etc.

In our opinion the filing of the petition with the clerk of the proper court, with the bona fide intention that process shall be issued and served at once, is all that is necessary to comply with the statute. It is true that the statute says that if the party fails to *institute* and *prosecute* the suit within 20 days the ruling and decision of the board shall be final; but we think that the party appealing from the rulings and decision of the board has complied with this statute when he files his petition in the proper court with the bona fide intent that citation shall issue and be served at once upon the defendants. Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645. We think further that the word *prosecute* used after the word *institute*, in the statute means nothing more than as above held by us. This interpretation is fully justified and substantiated by the provisions appearing in the same article before the above-quoted provision, to the effect, "and he shall within twenty days after giving such notice bring suit in the county where the injury occurred," etc. In other words, the provision, "institute and prosecute," and the words "bring suit," as used in section 5 of article 8307, R. C. S. 1925, mean the same thing. There is no showing that the Guaranty Corporation did anything to delay the issuance or service of citation herein.

We are further of the opinion that May and McGregor appeared in said cause No. 5253 when they filed their motion to strike and dismiss and to quash the citation, and that they therefore thereby submitted themselves to the jurisdiction of the court in that case. St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S. W. 75

What we have said disposes of this appeal, but we think there is another reason why the action of the district court in dismissing this suit should be sustained. If May and McGregor had any right to mature the award of the Accident Board, there was absolutely no necessity to file a separate suit for that purpose, as every right asserted in the case at bar could have been set up and asserted by way of cross-action in cause No. 5253 and litigated there. In fact, every transaction which is now set up in this suit as a basis for relief, and as giving the right to mature the award, has been set up in the former suit and is now being litigated there.

We are also confronted in this case with a motion filed by the defendants in error to dismiss the writ of error on account of the insufficiency of the petition for the writ, and a motion filed by the plaintiff in error to be permitted to amend the application by filing further assignments of error. In our opinion the original application, when considered as a whole, is sufficient to present to this court the matters we have passed on above, and we therefore are of the opinion that both motions should be overruled.

We therefore recommend that the motion of the defendants in error to dismiss the writ of error and the motion of the plaintiff in error to amend the petition for writ of error by filing further assignments, be both overruled, and that the judgment of the Court of Civil Appeals be reversed and the judgment of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.