## TRADERS & GENERAL INS. CO. v. SPILLERS.

### No. 13253.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 1, 1935.

Rehearing Denied Nov. 29, 1935.

Bullington, Humphrey & King, of Wichita Falls, and Lightfoot & Robertson and Nelson Scurlock, all of Fort Worth, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

BROWN, Justice.

Lee Spillers, appellee herein, was employed by the Rhoads Drilling Company in Gregg county, Tex., and claims to have been injured during the course of such employment on September 30, 1933. On November 21, 1933, he gave notice to his employer and the insurance carrier, Traders & General Insurance Company, appellant herein, of such injury, and made claim for compensation before the Industrial Accident Board. The proceedings before that board do not give the home address of the claimant Spillers, but do give the name of claimant's attorney, who is a well-known lawyer and a member of the Wichita county bar.

On March 13, 1934, the board made its award. On March 31, 1934, the insurance carrier gave notice, as required by law, that it was unwilling to abide by the ruling and award of the board. Personal service of such notice was acknowledged by the board on March 31, 1934.

On April 15, 1934, the law firm of Collins & Fairchild, residents of Lufkin, in Angelina county, Tex., wrote to the district clerk of Gregg county, Tex., inclosing a petition by the Traders & General Insurance Company, as plaintiff, against Lee Spillers, as defendant, which cause of action stated therein is to set aside the final award and decree of the Industrial Accident Board, as aforesaid. In this letter the attorneys said: "Please file and docket this cause, but do not issue citation thereon at present, as the attorney for the defendant will doubtless wish to waive the issuance and service of citation and enter appearance."

On the same day the said attorneys for the appellant wrote to counsel for the claimant, who represented the claimant before the Industrial Accident Board, inclosing such counsel a copy of plaintiff's petition, filed as aforesaid in Gregg county, stating, in substance, in such letter that they understood counsel was the attorney

for the claimant Spillers; that notice of appeal from the order of the board had been given; and that suit was being filed in the district court of Gregg county to set aside the award of the board. This letter contains the following paragraphs:

"We have requested the clerk to withhold the issuance of citation in this case, thinking that you, as attorney for the plaintiff, would be willing to waive the issuance and service of citation and enter an appearance. If you would be willing to do this, we would appreciate your writing us to that effect, sending us a copy of the answer and cross action which you file in this cause.

"Please let us hear from you at an early date."

On April 24, 1934, counsel for Spillers answered such letter with the following language:

"Replying to your letter of April 15th will say that I am always willing to waive anything in order to accommodate a lawyer; however, I would not like to waive the issuance of citation in this case. It will cause you no trouble at all, or expense, to get out the citation, and, of course, would enure to the benefit of some clerk and sheriff.

"It is my idea that insurance companies should pay for the privilege of withholding money from injured claimants."

It will be observed that in the letter from Spiller's counsel to counsel for appellant nothing is said to give appellant's counsel any information concerning the whereabouts of the claimant Spillers. In declining to waive the issuance and service of citation in the Gregg county suit, counsel for Spillers merely says that the issuance and service of such citation will "enure to the benefit of some clerk and sheriff." Thus it will be seen that the burden of locating the whereabouts of the claimant Spillers was placed upon appellant's attorneys.

We do not wish to be understood as in anywise criticizing appellee's attorney for not waiving the issuance and service of process in the Gregg county suit on behalf of his client, as this was his privilege, and he was well within his rights; neither do we intend to criticize appellee's counsel for not giving appellant's counsel any facts concerning the whereabouts of claimant Spillers. Counsel was under no obligation to furnish this information and may

not have been in possession of such information at the time he wrote the letter. We simply call attention to the language of the letter to show that appellant's counsel had no information concerning the whereabouts of Spillers.

On June 12, 1934, counsel for appellant wrote R. O. Kenley, Jr., local attorney for appellant insurance company, who resides in Longview, Gregg county, Tex., requesting him to have the clerk issue citation to the defendant, directed to Wichita county, Tex., and to forward same to appellant's counsel. Appellant's counsel testified that in a few days after thus writing to Kenley he was in the city of Longview and personally requested the district clerk to issue the citation and forward it to the sheriff of Wichita county for service, and that he assumed at all times thereafter this had been attended to. He further testified that at no time was his attention, or the attention of his firm, called to the fact that the clerk in Gregg county desired a deposit for court costs or security therefor, and at no time was any rule made for costs. He further testified that had the clerk requested a cost deposit he would have attended to the matter, and that he did not learn until about August 1, 1934, that citation was being withheld by the clerk on account of the failure to make the deposit for costs.

Citation was actually issued by the district clerk of Gregg county on August 1, 1934; was directed to the proper officers in Wichita county; and the sheriff of such county returned the process to the district court of Gregg county unserved, giving as a reason for the failure of such service: "After making diligent search and inquiry, I am unable to locate this party."

The suit to set aside the award of the Industrial Accident Board is now pending in the district court of Gregg county, Tex.

Appellee Spillers, on June 27, 1934, brought suit in the district court of Wichita county, Tex., to mature the award of the Industrial Accident Board made in his favor, and to recover a penalty provided by law, and a reasonable attorneys' fee.

In his petition appellee Spillers alleges, in substance, that no appeal from the award in his favor has been perfected by either the plaintiff or the defendant, but that if suit has been filed by the defendant it has requested that citation be not issued therein, and, in any event, the

defendant was negligent in not having citation issued and served, and therefore he is entitled to a judgment maturing the award and for the lawful penalty and attorneys' fee.

Appellant insurance company in due time filed a plea in abatement, setting up the pendency of the suit to set aside the board's award, which was filed in the district court of Gregg county, and in a separate plea, duly filed, sought to show that the district court of Wichita county has no jurisdiction over the suit at bar because of the pendency of the suit in Gregg county.

Appellee filed an answer to appellant's plea in abatement in which he denied all the allegations contained in said plea, and alleged that no suit has ever been filed, but that if the same was filed, it was done without any bona fide intention of prosecuting the same, and that no citation was issued until on or about August 1, 1934, being three and one-half months after the suit is claimed to have been filed, and that citation was not issued because the defendant requested that it be not issued, and that defendant did not exercise any diligence in prosecuting issuance and service of citation.

The cause was tried before the court without the intervention of a jury.

The trial court filed findings of fact and conclusions of law, finding that the insurance company "did not act in good faith and failed to exercise ordinary care in the institution and prosecution of its suit"; and he concludes that the plea to the jurisdiction and the plea in abatement should be overruled; that the appellee is entitled to judgment, maturing the award of the board, and for attorneys' fee, etc..

The insurance company has appealed from this judgment.

In the case of Ocean Accident & Guaranty Corp. v. May (Tex.Com.App.) 15 S.W.(2d) 594, 597, Mr. Justice Critz, in construing the provisions of section 5 of article 8307, R.C.S. 1925, said: "In other words, the provision, 'institute and prosecute,' and the words 'bring suit,' as used in section 5 of article 8307, R.C.S. 1925, mean the same thing. There is no showing that the Guaranty Corporation did anything to delay the issuance or service of citation herein."

We believe the decision in the May suit covers the case at bar. Further in that opinion Mr. Justice Critz, then on the Commission of Appeals and speaking for the commission, said: "What we have said disposes of this appeal, but we think there is another reason why the action of the district court in dismissing this suit should be sustained. If May and McGregor had any right to mature the award of the Accident Board, there was absolutely no necessity to file a separate suit for that purpose, as every right asserted in the case at bar could have been set up and asserted by way of cross-action in cause No. 5253 and litigated there."

So, in this case, the right to mature the award of the board could have been, and can yet be, asserted by appellee in the instant case in the prior pending suit, which is yet undisposed of in the district court of Gregg county, Tex.

A case practically identical to the one at bar was before the Court of Civil Appeals in Amarillo recently, which is Maryland Casualty Company v. Jones, 73 S.W.(2d) 668, opinion by Mr. Justice Martin. We consider this an able opinion and concur heartily in the conclusions reached. It is true that an examination of the writ of error table discloses that a writ of error has been granted by the Supreme Court in such case, but we are of the opinion that the importance of the question and the fact that it involves a proper construction of the provisions of the Workmen's Compensation Act, referred to above, impelled the Supreme Court to grant the writ.

The judgment of the trial court is reversed, and the plea in abatement filed by the appellant Insurance Company is sustained, and this cause is dismissed without prejudice to the rights of appellee Spillers to answer in the district court of Gregg county, seeking to mature the award and, in the alternative, for judgment on the merits of his claim, and, further, without prejudice to his right to bring suit in any court of competent jurisdiction to mature the award, if later such right should accrue to the said Spillers.