**BUFFALO INSURANCE COMPANY,**
Appellant,

v.

Jimmy W. McLENDON, Appellee.

No. 7705.

Court of Civil Appeals of Texas.

Texarkana.

April 19, 1966.

Rehearing Denied May 10, 1966.

Larry L. Gollaher, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

H. J. Yarborough, Yarborough, Yarborough & Johnson, Dallas, for appellee.

FANNING, Justice.

The opinion of March 15, 1966, is withdrawn and the following opinion is rendered.

A workmen's compensation case. In response to special issues a jury found to the effect that appellee was injured in the course of his employment resulting in the total and permanent incapacity to his right eye. Based upon the jury's verdict and other facts which were undisputed, the trial court rendered judgment for plaintiff-appellee for $35.00 per week for 100 weeks and allowed defendant-appellant credit for $744.10 theretofore paid plaintiff-appellee. Defendant-appellant's motion for new trial was overruled and it has appealed.

Appellant contends that appellee did not perfect an appeal from the award of the Industrial Accident Board and that it had paid the Board's award and that plaintiff-appellee had accepted the Board's award. Appellant also contends to the effect that the trial court erred in denying it a jury trial on the questions as to whether the suit was timely instituted and prosecuted by plaintiff and as to whether plaintiff accepted the Board's award by accepting and cashing the drafts hereinafter referred to.

The primary question involved on this appeal is whether the district court had jurisdiction to try the cause. The trial court held that it had jurisdiction as a matter of law and submitted no issues to the jury with reference to jurisdictional facts.

The award of the Industrial Accident Board was rendered Nov. 8, 1962. Appellee's notice of appeal from the award was filed with the Board on Nov. 20, 1962. Suit by plaintiff-appellee to set aside the award of the Board was filed with the District Clerk of Dallas County, Texas, on December 5, 1962. Citation was issued by the District Clerk on Jan. 2, 1963, and was served on defendant-appellant on Jan. 4, 1963. At the time of filing suit plaintiff-appellee's attorney MacMaster made a $10.00 deposit for costs with the District Court. On Dec. 29, 1962, MacMaster received a letter from Rainwater, head of defendant-appellant's claim department, in which were enclosed two drafts, one to Jimmy W. McLendon for $483.73 and one to attorney MacMaster for $85.00, the letter stating that it was "as ordered in the IAB's award of November 8, 1962," and that the enclosures were "forwarded, in view of the fact no appeal has been perfected within the time required following the filing of the notice of intention to appeal." However, the drafts were not in accordance with the award of the Board inasmuch as the Board's award provided for a stipulated portion of its award to be paid in weekly installments, while the drafts paid a lump sum. MacMaster, on Dec. 31, 1962, paid an additional $5.00 costs to the clerk, as required by the clerk, for the issuance of citation, and the citation was issued on Jan. 2, 1963, and served on defendant-appellant on Jan. 4, 1963. On Feb. 1, 1963, the two drafts above described were deposited for collection by plaintiff-appellee and attorney MacMaster and were paid about 5 days later. The trial court did not in any way authorize a compromise settlement of the cause by the method of the payment of the drafts in question or in any other manner.

Article 8307, Sec. 5, Vernon's Ann.Civ. St. reads in part as follows:

"* * * Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, * * *.

If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; * *."

In Ocean Accident & Guaranty Corporation v. May, Tex.Com.App., 15 S.W.2d 594 (1929) it was stated:

"The Court of Civil Appeals seems to lay stress on the provision of section 5 of article 8307, R.C.S.1925, which provides: 'If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said 20 days to *institute* and *prosecute* (italics ours) a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto,' etc.

"In our opinion the filing of the petition with the clerk of the proper court, with the bona fide intention that process shall be issued and served at once, is all that is necessary to comply with the statute. It is true that the statute says that if the party fails to *institute* and *prosecute* the suit within 20 days the ruling and decision of the board shall be final; but we think that the party appealing from the rulings and decision of the board has complied with this statute when he files his petition in the proper court with the bona fide intent that citation shall issue and be served at once upon the defendants. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645. We think further that the word *prosecute* used after the word *institute,* in the statute means nothing more than as above held by us. This interpretation is fully justified and substantiated by the provisions appearing in the same article before the above-quoted provision, to the effect, 'and he shall within twenty days after giving such notice bring suit in the county where the injury occurred,' etc. In other words, the provision, 'institute and prosecute,' and the words

'bring suit,' as used in section 5 of article 8307, R.C.S.1925, mean the same thing. *There is no showing that the Guaranty Corporation did anything to delay the issuance or service of citation herein."* (Emphasis added.)

In Powers v. Temple Trust Co., Tex.Com. App., op. adopted by Sup.Ct., 124 Tex. 440, 78 S.W.2d 951 (1935) it was stated:

"There is no evidence that plaintiff in error filed this suit without a bona fide intention that process be promptly issued and served, and no evidence that the delay in the issuance of citation was attributable to him. In the absence of proof it will not be presumed that the delay in the issuance of citation was at his direction. The suit was filed when the petition was filed with the clerk. The statute imposes upon the clerk the duty of issuing the citation promptly. Tribby v. Wokee, 74 Tex. 142, 11 S.W. 1089; R.S.1925, art. 2021."

The case of Maryland Casualty Company v. Jones, Tex.Com.App., op. adopted by Sup.Ct., 129 Tex. 392, 104 S.W.2d 847 (1937), was a case where the trial court held that it had jurisdiction as a matter of law and submitted no issues to the jury with reference to the jurisdictional facts in a workmen's compensation case involving jurisdictional questions similar to the questions raised in the case at bar. The principal facts in said case are as follows:

The Industrial Accident Board rendered its award on June 20, 1932; employee filed notice of appeal therefrom with the Board on July 7, 1932. On July 21, 1932, plaintiff's attorney Brown mailed the District Clerk of Lubbock County his petition together with a letter stating "you need not issue service on this petition as a waiver will be entered. Please advise when this has been filed. Costs of court will be forthcoming." The petition and letter were received by said clerk on July 23, 1932. On July 29, 1932, Mays, an attorney acting for attorney Brown, wrote a letter to an adjuster for Maryland Casualty Company where-

in he informed said adjuster that attorney Brown was away on vacation but had requested him to write and ask if service would be waived in the suit. On Aug. 1, 1932, said adjuster wrote attorney Mays that process would not be waived. Attorney Brown had gone on vacation to California and did not return until August 25, 1932. He then instructed the clerk to issue citation, which was done immediately. It thus appears that issuance of citation was withheld at the request of the employee's attorney from July 23, 1932 until August 25, 1932, a period of 33 days.

We quote in part from the court's opinion in Maryland Casualty Company v. Jones, supra, 104 S.W.2d 847, as follows:

"This suit arose under the Workmen's Compensation Law (Vernon's Ann.Civ. St. art. 8306 et seq.). The only question presented for decision is whether the district court had jurisdiction to try the cause. The trial court held that it had jurisdiction as a matter of law and submitted no issues to the jury with reference to jurisdictional facts. Upon appeal the Court of Civil Appeals reversed the trial court's judgment and remanded the cause for the purpose of having issues submitted to the jury, the answers to which would determine whether the court had jurisdiction. 73 S.W.2d 668. The employee acquiesced in the judgment of reversal and filed no application for writ of error. The application of the Casualty Company was granted on the conflicts alleged. * * *

"In the May Case, supra, the court was not dealing with a question of waiver, and the language there employed must be understood in the light of the question presented.

"Adapting that language to the situation brought about by the facts of this case so as to take account of the right of a plaintiff to have a waiver substituted for a citation and service, we hold that a party appealing from an award by the board has complied with the statute when he files his petition in the proper court with the bona fide intent that a waiver of the issuance and service of citation will be procured and filed without delay, failing in which he will request that citation issue at once. Of course, there must be a bona fide intention to prosecute the suit, which must be evidenced by acts of the party filing same, an undisclosed intention not being sufficient.

"In the instant case it clearly cannot be held, as a matter of law, that the employee had no bona fide intention to prosecute his suit at the time he filed his petition. *It is our view that the trial court properly held that, as a matter of law, it had acquired jurisdiction of the cause,* but since the employee has filed no application for writ of error, we are not authorized to reverse the judgment of the Court of Civil Appeals." (Emphasis added.)

Also in the case of Traders & General Insurance Co. v. Spillers, 88 S.W.2d 738, writ refused (Tex.Civ.App.1935), a workmen's compensation case, it was held that plaintiff's failure to secure issuance of citation for some 3½ months after filing petition to set aside an award of the Industrial Accident Board was not a failure to "institute and prosecute" suit within the 20 day statutory period after giving notice of appeal from the Board's award. Also plaintiff had not made any deposit for costs. His attorney testified that if the clerk had requested a cost deposit "he would have attended to the matter."

■ We hold that the trial court correctly held as a matter of law that the court had acquired jurisdiction of plaintiff-appellee's suit against the defendant-appellant and that there were no fact issues with respect to jurisdiction to be submitted to a jury.

■ Since plaintiff-appellee's appeal had been duly perfected from the award of the Industrial Accident Board, as shown by

the record in this cause, the award of the Board was "vacated and is no longer in force." Zurich Gen. Acc. & Liab. Ins. Co. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674 (1936).

 The payment of the drafts in question did not amount to a "payment of the Board's award" for two reasons: (1) since the appeal from the Board's award had been duly perfected and the cause was pending in the District Court the Board's award was "vacated and is no longer in force"; and (2) the drafts were not in accordance with the award of the Board inasmuch as the Board's award provided for a stipulated portion of its award to be paid in weekly installments, while the drafts paid a lump sum.

 The payment of the drafts in question also did not amount to a court compromise settlement because the same was not approved by the trial court. See Texas Employers' Insurance Association v. Miller, Tex.Com.App., op. adopted by Sup. Ct., 137 Tex. 449, 154 S.W.2d 450 (1941).

Since the payment of the drafts in question did not constitute a payment of the award of the Industrial Accident Board, which award had been vacated by the perfection of appellee's appeal to the District Court, and since the payment of the drafts in question was not approved by the trial court and did not constitute a lawful court approved compromise settlement of the case, it must be held that under the undisputed facts in this case that the payment of such drafts did not extinguish appellee's rights under the Texas workmen's compensation act. Of course the appelleee could not retain the proceeds of the drafts and also in addition thereto recover compensation in full for the loss of his eye; however, since the trial court in its judgment gave defendant-appellant credit for all compensation payments made to appellee, including the drafts in question, no harm has resulted to appellant by its payment of the two drafts in question.

Appellant's points 1 through 4, incl., are overruled.

Appellant's remaining points, 5 and 6, complain of certain jury arguments made by appellee's counsel. The arguments in question are shown by bills of exception which bills are qualified by the trial court. After carefully examining the bills of exceptions, the qualifications made thereto by the trial court, and the entire record in the case, it is our view that reversible error is not presented by said points. Rule 434, Texas Rules of Civil Procedure. Appellant's 5th and 6th points are overruled.

The judgment of the trial court is affirmed.