Ivy WILBORN, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 8823.

Court of Civil Appeals of Texas, Amarillo.

Oct. 31, 1977.

Rehearing Denied Nov. 28, 1977.

Brown & Brown, Phil Brown, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

DODSON, Justice.

This is a case under the Workman's Compensation Act to mature an award of the Industrial Accident Board.

Ivy Wilborn, the appellant-employee, brought suit in the 99th District Court of Lubbock County, Texas against Texas Employers' Insurance Association, the appellee-insurer, to mature an award of the Industrial Accident Board while an action by the appellee-insurer to set aside the same award was pending in the 72nd District Court of Lubbock County, Texas.

The appellant-employee filed a motion for summary judgment in the action to mature the award in the 99th District Court, and likewise, the appellee-insurer filed its motion for summary judgment in the same action.

The court denied appellant-employee's motion, sustained appellee-insurer's motion, and entered judgment in favor of the appellee-insurer. From this judgment the appellant-employee appeals to this Court. We affirm the action of the trial court.

The appellant brings two points of error to this Court. In the first, he complains that the court erred in overruling his motion for summary judgment since the award of the Board was final as a matter of law. And in the second point, he complains that the court erred in granting the appellee's motion for summary judgment since "a genuine issue of a material fact existed and . . ." appellee "was not entitled to a judgment as a matter of law." These points lead us first to determine if, as a matter of law, the appellee has complied with the applicable provision of § 5 of art. 8307 V.A.C.S. in its suit to set aside the award of the Board which is pending in the 72nd District Court of Lubbock County, Texas.

Section 5 of art. 8307 provides in part as follows:

. . . Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. *And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision,* . . . If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; . . . (Emphasis added.)

and § 5a of art. 8307 provides in part as follows:

In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, *and the association shall fail and refuse to obey or comply with the*

*same and shall fail or refuse to bring suit to set the same aside as in said section is provided,* then in that event, the claimant in addition to the rights and remedies given him and the board in said section may bring suit where the injury occurred, upon said order, ruling or decision. (Emphasis added.)

This section clearly states that a suit to mature the award of the Industrial Accident Board will lie only when the Insurer either fails to pay the award or fails to bring suit to set aside the same as provided in § 5 of art. 8307, *supra.*

This conclusion is supported in *Fidelity Union Casualty Co. v. Klatt,* 47 S.W.2d 417 (Tex.Civ.App.—El Paso 1932, writ dism'd) where the Court said at p. 419 as follows:

Section 5 and 5a of article 8307, of our statutes, makes available to a claimant the right to sue to mature the award in the event only that *the insurer has not duly given the notice and filed suit to set aside the award of the board. Where the notice is given and suit was filed, a claimant's suit to mature the award is improper and should be stricken* on exception. (Emphasis added.)

Cases to the same effect are: *Aetna Insurance Company v. Spradley,* 446 S.W.2d 941 (Tex.Civ.App.—El Paso 1969, no writ); *Hardware Mutual Casualty Co. v. Clark,* 360 S.W.2d 921 (Tex.Civ.App.—Waco 1962, writ dism'd); *Federal Underwriters Exchange v. Read,* 138 Tex. 271, 158 S.W.2d 767 (Tex. Comm'n App. 1942, opinion adopted).

The Commission of Appeals in the early case of *Ocean Accident & Guaranty Corporation v. May,* 15 S.W.2d 594 (Tex. Comm'n App. 1929, jdgmt adopted) established the requirements necessary to comply with § 5 of 8307, *supra.* The Commission said as follows:

The Court of Civil Appeals seems to lay stress on the provision of section 5 of article 8307, R.C.S. 1925, which provides: "If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said 20 days to *institute* and *prosecute* [italics

ours] a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto," etc.

*In our opinion the filing of the petition with the clerk of the proper court, with the bona fide intention that process shall be issued and served at once, is all that is necessary to comply with the statute.* It is true that the statute says that if the party fails to *institute* and *prosecute* the suit within 20 days the ruling and decision of the board shall be final; *but we think that the party appealing from the rulings and decision of the board has complied with this statute when he files his petition in the proper court with the bona fide intent that citation shall issue and be served at once upon the defendants. Ricker v. Shoemaker,* 81 Tex. 22, 16 S.W. 645. We think further that the word *prosecute* used after the word *institute,* in the statute means nothing more than as above held by us. This interpretation is fully justified and substantiated by the provisions appearing in the same article before the above-quoted provision, to the effect, "and he shall within twenty days after giving such notice bring suit in the county where the injury occurred," etc. In other words, the provision, "institute and prosecute," and the words "bring suit," as used in section 5 of article 8307, R.C.S. 1925, means the same thing. *There is no showing that the Guaranty Corporation did anything to delay the issuance or service of citation herein.* (Emphasis added.)

Thus, we can paraphrase the above quoted language as follows: that the appellee "appealing" from the ruling and decision of the Board has complied with this statute when it filed its petition in the 72nd District Court of Lubbock County, Texas with the bona fide intent that citation shall issue and be served at once upon the appellant. Cases to the same effect are: *Traders & General Ins. Co. v. Spillers,* 88 S.W.2d 738 (Tex.Civ.App.—Fort Worth 1935, writ ref'd); *Roberts v. Ohio Casualty Insurance Company,* 256 F.2d 35 (5th Cir. 1958); *Maryland Casualty Co. v. Jones,* 73 S.W.2d

668 (Tex.Civ.App.—Amarillo 1934), *affirmed*, 129 Tex. 392, 104 S.W.2d 847 (Tex. Comm'n App. 1937, opinion adopted); and *Buffalo Insurance Company v. McLendon*, 402 S.W.2d 559 (Tex.Civ.App.—Texarkana 1966, no writ).

A review of the record before us reveals material and undisputed facts as follows: that the Industrial Accident Board made its final award on appellant's claim on May 28, 1976; that within twenty days from May 28, 1976 appellee gave the Board notice of its intent to appeal the award; that the appellee filed its suit to set aside the award on June 25, 1976 which was within twenty days from the day of notice of appeal; that on June 25, 1976 such suit was filed in the 72nd District Court of Lubbock County, Texas; that appellant's alleged injury and claim arose in such county; that appellee caused the District Clerk to issue citation for service of the appellant on the same day it filed its suit to set aside the award; that the sheriff of Lubbock County, Texas returned the citation for service on June 28, 1976 with the notation "Left Lubbock about two months ago. Destination unknown."

These facts are sufficient, as a matter of law, for us to conclude that the appellee has complied with the requirements of § 5 of 8307, *supra*, to perfect its appeal to set aside the award of the Industrial Accident Board.

However, this conclusion is further supported by other undisputed facts. Before the appellee filed its suit to set aside the award, its attorneys called the attorney representing the appellant and requested waiver of citation of service. This request was refused. Then the appellee's attorneys requested service of the appellant at a Lubbock address at the time suit was filed in the 72nd District Court. On June 17, 1976 the appellant's attorneys filed suit in County Court at Law No. 2, in Lubbock County, Texas to appeal an award of the Industrial Accident Board on another and different claim against the appellee. The appellee answered this claim on June 28, 1976. The appellee's attorneys arranged with appel-

lant's attorneys to take the deposition of appellant on July 23, 1976 and use such deposition in both cases. The appellee's attorneys intended to again attempt service on the appellant at such deposition. However, one of the appellant's attorneys informed the appellee's attorneys that he did not know the whereabouts of the appellant, so the attorneys agreed to postpone the deposition. Then, one of appellee's attorneys served notice on appellant's attorneys to take the oral deposition of the appellant in the cause pending in the County Court at Law No. 2. October 27, 1976 was the date set for this deposition. The appellee's attorneys appeared for the deposition, but neither the appellant nor his attorneys appeared. The next day the appellant through the same attorneys filed this suit in the 99th District Court of Lubbock County, Texas.

These facts affirmatively establish appellee's continuing intent to prosecute its suit to set aside the award.

Therefore, we determine that the appellee has complied with the applicable provisions and requirements of § 5 of art. 8307, *supra*, in its suit in the 72nd District Court of Lubbock County, Texas to set aside the award of the Industrial Accident Board; that appellant's action to mature the award does not lie; that the court properly overruled appellant's motion for summary judgment; and that appellant's first point of error in this Court is overruled.

In appellant's second point he complains that the trial court erred in sustaining the appellee's motion for summary judgment because "a genuine issue of a material fact existed." In his brief appellant contends that the appellee has not shown its use of due diligence to obtain service on the appellant.

In support of this position, he cites cases construing the general statutes of limitation; however, these cases are not applicable, similar or analogous to the facts or circumstances of this case. *Maryland Casualty Company v. Jones*, 129 Tex. 392, 104 S.W.2d 847, 849 (1937).

Again, in *Ocean Accident & Guaranty Corporation v. May, supra,* the court said: "There is no showing that the Guaranty Corporation did anything to delay the *issuance or service of citation herein.*" (Emphasis added.) To the same effect are *Traders & General Ins. Co. v. Spillers, supra,* where citation was not issued for some three and one-half months after the suit was filed; and *Buffalo Insurance Company v. McLendon, supra,* where citation was not issued for some 33 days after the suit was filed.

On appellee's suit to set aside the award, there is no showing that the appellee did anything to delay the issuance of service. The facts show the contrary. Citation was issued on the day the suit was filed and returned three days later.

And, likewise, there is no showing that the appellee did anything to delay service on the appellant. Again, the facts reveal the contrary. The delay in service was occasioned by the absence of the appellant. The appellant's attorneys said they did not know of appellant's whereabouts. The sheriff reported he "Left Lubbock two months ago. Destination unknown." The appellee's attorneys made two attempts to obtain the presence of the appellant for deposition and service, the last of which was the day before this suit was filed to mature the award. There is no showing that the absence of the appellant was caused or instigated by the appellee.

The 72nd District Court of Lubbock County, Texas acquired jurisdiction of the subject matter in controversy by operation of law when appellee filed its suit to set aside the award. See: *Texas Reciprocal Insurance Association v. Leger,* 128 Tex. 319, 97 S.W.2d 677 (1936); *Lowery v. Transport Insurance Co.,* 451 S.W.2d 595 (Tex. Civ.App.—Austin 1970, no writ); and the cases therein cited at page 596.

From the record before us in this case and for the reasons stated herein, we hold, as a matter of law, that the appellee has complied with the applicable provisions and requirements of § 5 of 8307, *supra,* in its suit in the 72nd District Court of Lubbock County, Texas to set aside the award of the Industrial Accident Board; that the appellant's action to mature the same award does not lie; that the trial court properly overruled appellant's motion for summary judgment and properly sustained the appellee's motion for summary judgment and properly entered judgment in favor of appellee. Both of the appellant's points of error are overruled and the judgment of the trial court is affirmed.