**Ysmael HERRERA, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellees.**

No. 16845.

Court of Appeals of Texas,
San Antonio.

May 25, 1983.

Herman H. Segovia, San Antonio, for appellant.

John Cornyn, III, Thomas H. Crofts, Jr., Ann Livingston, Groce, Locke & Hebdon, San Antonio, for appellees.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a summary judgment rendered in an action under the Workers' Compensation Act, Tex.Rev.Civ. Stat.Ann. art. 8306 (Vernon Supp.1982–1983), to mature an award of the Industrial Accident Board.

On February 5, 1981, appellant Ysmael Herrera, (Herrera), the employee, brought the instant suit in the 45th District Court of Bexar County, Texas, to mature an award by the Industrial Accident Board (Board) while an action by Appellee, Texas Employers' Insurance Association (TEIA) to set aside the same award, was pending in the 150th District Court of Bexar County, Texas. TEIA filed a motion for summary judgment, which was sustained by the trial court and judgment was entered in favor of TEIA. It is from this judgment that Herrera appeals to this court. We affirm.

In his sole point of error, appellant complains that the court erred in granting TEIA's motion for summary judgment. The entire thrust of Herrera's argument in support of his contention is that TEIA had not acted diligently in having service of citation on him in the suit filed in the 150th District Court and, therefore (1) TEIA had not properly filed and "prosecuted" the suit in good faith as required by Tex.Rev.Civ. Stat.Ann. art. 8307, § 5 and § 5a (Vernon 1967), and (2) there exists a material fact question as to whether TEIA properly "prosecuted" its law suit in the 150th District Court within the prescribed time limits of art. 8307, § 5 and § 5a, *supra.*

■ The procedure to set aside a Board award is governed by art. 8307, § 5, *supra.* Section 5 requires a suit to be filed in a court of competent jurisdiction twenty days after filing an appeal notice with the Board.

However, art. 8307, § 5 also requires that the suit to set aside the award be both instituted and prosecuted within the twenty-day period. It is well settled in Texas that this dual requirement is satisfied when a claimant files a petition within twenty days with a bona fide intent that citation shall issue and be served at once or that a waiver of citation will be obtained and filed at once. *See Maryland Casualty Company v. Jones,* 129 Tex. 392, 104 S.W.2d 847, 849 (1937); *Ocean Accident & Guaranty Corp. v. May,* 15 S.W.2d 594, 597 (Tex.Comm.App. 1929); *Buffalo Insurance Co. v. McLendon,* 402 S.W.2d 559, 561 (Tex.Civ.App.—Texarkana 1966, no writ); *Traders & General Insurance Company v. Spillers,* 88 S.W.2d 738, 740 (Tex.Civ.App.—Fort Worth, 1935, writ ref'd).

This rule was reaffirmed in *Wilborn v. Texas Employers Insurance Association,* 558 S.W.2d 65, 67 (Tex.Civ.App.—Amarillo 1977, writ ref'd). The facts in *Wilborn,* not unlike those in the instant case, are as follows: The carrier timely filed suit on June 25, 1976, in the 72nd District Court of Lubbock County, Texas, to set aside an award by the Industrial Accident Board; the carrier caused the District Clerk to issue citation for service of the claimant on the same day it filed its suit to set aside the award; the sheriff of Lubbock County, Texas, returned the citation for service three days later on June 28, 1976 with the notation "Left Lubbock about two months ago. Destination unknown." The appellate court held that these facts were sufficient as a matter of law for it to conclude that the carrier had complied with the requirements of art. 8307, § 5, *supra,* to perfect the carrier's appeal to set aside the award of the Board. *Wilborn* at 68. The court further supported its conclusion by other undisputed facts that affirmatively established the carrier's continuing intent to prosecute the suit to set aside the award and held that the claimant's action to mature the award did not lie.

In *Wilborn,* not unlike the instant case, the claimant contended that the carrier had not shown its use of due diligence to obtain

service on him and therefore the trial court erred in sustaining the carrier's motion for summary judgment because "a genuine issue of a material fact existed." The appellate court found that there was no showing that the carrier did anything to delay the issuance of service; that the carrier did anything to delay service on the claimant; that the delay in service was occasioned by the absence of the claimant; that there was no showing that the absence of the claimant was caused or instigated by the carrier; and held that the trial court did not err in granting the carrier's motion for summary judgment.

▆ A review of the record before us in the instant case reveals material and undisputed facts as follows: that the suit filed in the 150th District Court by TEIA on July 30, 1980, to set aside the award was timely filed; that TEIA caused the District Clerk to issue citation for service of Herrera on the next day it filed its suit to set aside the award; that the sheriff of Bexar County, Texas, returned the citation for service after the 90-day term of the citation on November 13, 1980, with the notation: "Unable to locate in time for service. . . . Moved out left no forwarding add."

Under the holding in *Wilborn* these facts alone conclusively establish an intent that citation be issued and served. We therefore hold that TEIA satisfied the statutory requisites for "bringing suit."

The additional facts that inquiry was made in October 1980, of Herrera's attorney as to why an answer had not been filed indicates a continuing intent that Herrera be served, and his assurance, in answer to such inquiry, that an appearance would be made by filing an answer justified a belief by TEIA that service had been obtained or would be waived. We further conclude that these facts clearly demonstrate TEIA's continuing intent to have Herrera served with citation and they affirmatively establish TEIA's continuing intent to prosecute its suit to set aside the award.

Herrera's contention that TEIA's failure to show its use of due diligence to obtain service upon him gave rise to the existence of a material issue of fact is without merit. There is no showing that TEIA did anything to delay the issuance of service of citation in the suit to set aside the award; to the contrary, it is undisputed that service was issued the next day after the suit was filed. There is no showing that TEIA did anything to delay service on Herrera; to the contrary, it is undisputed that the delay in service was occasioned by the absence of Herrera; and there is no showing that Herrera's absence was caused or instigated by TEIA. If we were to go along with Herrera and uphold his contention that procedural diligence is a requirement of intent to issue and serve citation for purpose of complying with art. 8307, § 5, *supra,* we would be engaging in judicial legislation by requiring that a carrier must do more than "bring" its right to review of the Board's final ruling and decision.

Nor can we bring ourselves to agree with Herrera that a cause of action will arise under art. 8307, § 5a if a carrier timely brings suit and service is merely delayed. Delays in the prosecution of suit to set aside an award caused by a procedural flaw in the existing statutes setting out the process of pursuing judicial review of an order of the Board are not for us to change even if such change be necessary.

We conclude that TEIA did not fail to bring suit to set aside the award as provided in art. 8307, § 5, *supra,* when it filed its suit in the 150th District Court. It necessarily follows that, as a matter of law, Herrera's suit in the instant case to mature the award will not lie. *Wilborn, supra;* art. 8307, § 5a, *supra.* The trial court did not err in sustaining TEIA's motion for summary judgment. Herrera's point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.