Walter L. WILLIAMS, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 2–83–016–CV.

Court of Appeals of Texas, Fort Worth.

June 8, 1983.

Rehearing Denied July 6, 1983.

---

William L. Fleniken, Jr., Mock & Fleniken, Fort Worth, for appellant.

Camp, Jones, Johnson, O'Neill & Hall, Harman Camp, Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

ASHWORTH, Justice.

Walter L. Williams filed suit to mature the award of the Industrial Accident Board which provided benefits for an on-the-job injury. A summary judgment was rendered in favor of Texas Employers' Insurance Association and this appeal follows.

Judgment affirmed.

On March 9, 1982, the Industrial Accident Board rendered its final award to Williams for his injury. Texas Employers' Insurance Association, hereinafter called TEIA, timely filed notice of intent to appeal on March 17, 1982. TEIA then timely filed suit to set aside the award on March 23, 1982, and requested that citation be issued for service on the defendant. Citation was prepared and delivered to the Sheriff of Tarrant County, Texas, but such citation was returned unserved to the District Clerk by the Sheriff on March 29, 1982.

Williams filed this separate action (on July 30, 1982) to mature the Board's award. Time for service of the citation in the original suit had expired, and TEIA caused another citation to be issued on August 10, 1982, which was served on Williams on August 18, 1982. TEIA then filed for and was granted a summary judgment in Williams' separate action to mature the award. The original suit by TEIA to set aside the Board's award still pends.

Appellant alleges the trial court erred in granting the summary judgment because genuine issues of material facts exist with regard to TEIA's intent and diligence in prosecuting its appeal from the Board's award.

Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Supp.1982) provides:

> If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; and, if the same is against the Association, it shall at once comply with such final ruling and decision; ...

The statute provides two requirements to set aside the Board's award: that suit be instituted and prosecuted. There is no question in this case that the suit was timely instituted; Williams' complaint is that it was not properly prosecuted since the citation was not promptly served on him. We believe the cases of *Ocean Accident & Guaranty Corporation v. May*, 15 S.W.2d 594 (Tex.Comm'n App.1929, opinion adopted); and *Wilborn v. Texas Emp. Ins. Ass'n*, 558 S.W.2d 65 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.) are controlling and dispositive of Williams' contention. In *Ocean Accident, supra,* the court held that the statute is complied with when the petition is filed with the clerk of the proper court, with the bona fide intention that process shall be issued and served at once. In the instant case there is no question that suit was timely filed in the proper court, citation was requested and issued. The summary judgment evidence shows TEIA requested Williams be served at 2608 Lucas # 2031, Fort Worth, Tarrant County, Texas. Williams' affidavit states that he lived at that address during the months of March

and April, 1982. The summary judgment evidence in the instant case satisfies the requirements of *Ocean Accident, supra.*

Williams contends that TEIA should be required to show "due diligence" to obtain service on Williams. Essentially the same contention was made in the case of *Wilborn, supra.* The court there rejected such contention, stating that cases construing the general statutes of limitations and not applicable to the facts and circumstances in that case. In accordance with *Wilborn, supra,* we must, and do, make the same holding in this case.

Judgment affirmed.