**Patricia A. FOSTER, Appellant,**

**v.**

**The HOME INDEMNITY COMPANY, Appellee.**

**No. 05–88–00003–CV.**

Court of Appeals of Texas, Dallas.

Aug. 26, 1988.

James E. Brown, Dallas, for appellant.

D. Bruce Cochran, Dallas, for appellee.

Before ENOCH, C.J., and STEPHENS and KINKEADE, JJ.

KINKEADE, Justice.

Patricia A. Foster appeals a take nothing judgment rendered in favor of the Home Indemnity Company. In two points of error, Foster contends that the trial court erred in granting summary judgment since there was an issue of fact as to: 1) whether due diligence was used to secure service of process; and 2) the amount of attorney's fees. We hold that point of error one is dispositive of this cause; therefore, we reverse the judgment of the trial court and remand for a new trial.

Foster instituted this suit to mature an award by the Industrial Accident Board (IAB) dated February 6, 1984. The IAB ruling is binding if not appealed within twenty days. Home Indemnity did timely file a notice of appeal with the IAB and instituted suit in the district court. On December 12, 1984, that suit was dismissed for want of prosecution.

Section 5 of Article 8307 Texas Revised Civil Statutes states in part:

> If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within twenty (20) days to institute *and prosecute* a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; ... (Emphasis added).

Article 8307, § 5 requires that the suit to set aside the award be both instituted and prosecuted within the twenty-day period.

It is well settled in Texas that this dual requirement is satisfied when a claimant files a petition within twenty days with a bona fide intent that citation shall issue and be served at once or that a waiver of citation will be obtained and filed at once. *Herrera v. Texas Employers Insurance Association,* 653 S.W.2d 359, 360 (Tex.Civ. App.—San Antonio 1983, no writ).

In 1986 Foster filed the present suit attempting to mature the 1984 IAB ruling. Home Indemnity filed a motion for summary judgment claiming the IAB ruling was void and that there are no fact issues. Foster claims that the dismissed suit has no effect on the IAB ruling because Home Indemnity did not intend to prosecute a suit as evidenced by its lack of due diligence in failing to obtain service of process on her.

Home Indemnity contends it attempted service of process at an address given to it by Foster's previous employer. When that failed, it allegedly employed a private investigator who could not locate Foster. Foster contends that her address subsequent to December 1983 but at all times pertinent to this lawsuit was 818 Hall Street, Seagoville, Texas and that both her previous employer and Home Indemnity had knowledge of the correct address. Further, one of the exhibits contained in the IAB file on Foster's case which is attached to Home Indemnity's motion for summary judgment contains the correct address. It is undisputed, however, that Home Indemnity did not attempt service on Foster at the Hall Street address.

We recognize that the court in *Wilborn v. Texas Employers' Insurance Ass'n,* 558 S.W.2d 65 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.), held that the statute was satisfied when a citation for service on Wilborn was issued on the same day as suit was filed to set aside the IAB's award and returned by the sheriff three days later with the notation, "Left Lubbock about two months ago. Destination unknown." *Id.,* 558 S.W.2d at 68. However, *Wilborn* is distinguishable from the present case because additional facts support the *Wilborn* court's holding: Wilson filed suit to appeal an award by the IAB on a separate claim against Employers'. Employers' arranged with Wilborn's attorneys to take his deposition, but were informed by Wilborn's attorneys that they did not know his whereabouts. The deposition was postponed. Subsequently, Wilborn's attorneys served notice on Employers' to take Wilborn's deposition. Employers' attorneys appeared for the deposition, but neither Wilborn, nor his attorneys appeared. In the present case, Foster's attorney stated in his affidavit that he has known Foster's address at all times pertinent to this suit, but neither Employers', nor Employers' attorneys have ever contacted him to inquire of Foster's whereabouts. Additionally, Foster states in her affidavit that in 1984, her employer contacted her two times at her Hall Street address to pay her for her pension plan benefits and for the stock she owned. The Hall Street address was also contained on a document in the IAB file on her case.

The facts in *Williams v. Texas Employers' Insurance Ass'n,* 653 S.W.2d 377 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.), are also distinguishable. On March 9, 1982, the IAB rendered its final award for Williams' on-the-job injury. Employers' timely filed its original suit to set aside the award and requested that citation be issued for service on Williams. The citation was returned unserved six days later on March 29, 1982. On July 30, 1982, Williams filed suit to mature the IAB award. Employers' filed a cause of action to set aside the award and successfully served Williams. Summary judgment was granted to Employers' against Williams' action to mature the award. Williams complained because "citation was not promptly served on him." The *Williams* court pointed out that Employers' had requested that Williams be served at a specific Forth Worth address and that Williams' affidavit states that he lived at that same address during the months of March and April 1982. Employers' had requested that Williams be served at his proper address, but the sheriff was unsuccessful. In the present case, service was never attempted at Foster's proper address, even though it is is contained on a document within the IAB file on her case

and her employer knew of and had contacted Foster at her proper address.

We hold, based on the facts in the present cause of action that there is sufficient evidence to raise a fact issue as to Home Indemnity's intent. We, therefore, sustain Foster's first point of error and reverse the judgment of the trial court and remand for a new trial.

STEPHENS, J., dissents with opinion.

STEPHENS, Justice, dissenting.

I cannot agree with the majority opinion; accordingly, I dissent. The majority holds that Patricia Foster's first point of error is dispositive of the case. The point of error as stated by the majority is that "the trial court erred in granting summary judgment since there was an issue of fact as to: (1) whether due diligence was used to secure service of process." Foster argues that Home Indemnity's intent not to prosecute a suit "is evidenced by its lack of due diligence in failing to obtain service of process on her." The majority accepts this assertion and states that there is sufficient evidence to raise a fact issue as to Home Indemnity's intent to prosecute.

My criticism of the majority's opinion is two-fold. First, there is no "due diligence" requirement under article 8307, section 5 of the Texas Revised Civil Statutes as is asserted by Foster. *See Williams v. Texas Employers' Insurance Ass'n,* 653 S.W.2d 377, 378–79 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *Herrera v. Texas Employers' Insurance Ass'n,* 653 S.W.2d 359, 361 (Tex.App.—San Antonio 1983, no writ); *Wilborn v. Texas Employers' Insurance Ass'n,* 558 S.W.2d 65, 68–69 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). The statute only requires the party opposing the Industrial Accident Board's ruling to institute and prosecute a suit. All that is necessary to comply with this requirement is the filing of the petition with the clerk of the court with the bona fide intention that process be issued. *Wilborn,* 558 S.W.2d at 67, *quoting Ocean Accident & Guaranty Corp. v. May,* 15 S.W.2d 594, 496 (Tex. Comm'n.App.1929, judgm't adopted).

Second, the majority's decision reverses the trial court's summary judgment because there is allegedly a fact issue raised concerning Home's bona fide intent. I believe this issue is not properly before this Court. Foster very specifically states in her response to the motion for summary judgment that "the legal issue is whether *due diligence* is needed to secure service or is the timely filing of the petition the only necessary requirement. If *due diligence* is necessary, there is a fact issue on whether *due diligence* was used in this case." (Emphasis added.) In her prayer, Foster requests "that Summary Judgment be denied and that a trial be held so that the fact questions of *due diligence* and attorney's fees can be decided as well as all other proper relief." (Emphasis added.) Foster's response to Home's motion for summary judgment does not mention the issue of Home's intent to prosecute, except to argue that due diligence is the proper standard. Additionally, Foster's points of error on appeal do not address the issue of Home's intent to prosecute. It is well settled that the only issues that may be considered on appeal are those which are expressly set out in the motion for summary judgment, the response to the motion, or other answer. *See City of Dallas v. Watkins,* 651 S.W.2d 923, 926 (Tex.App.—Dallas 1983, no writ); *Combs v. Fantastic Homes, Inc.,* 584 S.W.2d 340, 343 (Tex.App.—Dallas), *writ ref'd,* 596 S.W.2d 502 (Tex. 1979). The Court of Appeals may not reverse the trial court's judgment in absence of properly assigned error. *Texas National Bank v. Karnes,* 717 S.W.2d 901, 903 (Tex.1986). The majority improperly reverses the trial court on an issue not presented to the trial court and on the basis of unassigned error.

I would affirm the trial court's judgment.