## MARYLAND CASUALTY COMPANY V. E. E. JONES.

No. 6817.  Decided May 12, 1937.
(104 S. W., 2d Series, 847.)

*Simpson, Dorenfield, Foster & Fullingim,* of Amarillo, for plaintiff in error.

On the proposition that plaintiff did not file a suit in the trial court, because he failed to secure citation on defendants. Forrest v. Orange Printing Co., 43 S. W. (2d) 132; Ricker v. Shoemaker, 81 Texas 22, 16 S. W. 645; William Bondies & Co. v. Bassell-Flewellen, 28 S. W. (2d) 1109.

*D. H. Bradley,* of Lubbock, and *W. P. Lipscomb* and *Robt. P. Brown,* both of San Angelo, for defendant in error.

The filing of a petition with the clerk of the proper court with the bona fide intention that process be issued and served at once, is a sufficient compliance with the statute to institute and prosecute a suit. Texas Ind. Ins. Co. v. Williamson, 59 S. W. (2d) 232; Lessing v. Gilbert, 27 S. W. 751.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit arose under the Workmen's Compensation Law. The only question presented for decision is whether the district court had jurisdiction to try the cause. The trial court held that it had jurisdiction as a matter of law and submitted no issues to the jury with reference to jurisdictional facts. Upon appeal the Court of Civil Appeals reversed the trial court's judgment and remanded the cause for the purpose of having issues submitted to the jury, the answers to which would determine whether the court had jurisdiction. 73 S. W. (2d) 668. The employee acquiesced in the judgment of reversal and filed no application for writ of error. The application of the casualty company was granted on the conflicts alleged.

The Industrial Accident Board made its award on June 30, 1932. On July 7, 1932, the employee filed with the board his notice of intention not to abide by the award. On July 21, 1932, the attorney for the employee, who resided at San Angelo, mailed to the district clerk of Lubbock County his petition, accompanying same with the following letter:

"July 21, 1932.

"District Clerk, Lubbock, Texas,
"Dear Sir:
"Enclosed you will find plaintiff's original petition in E. E. Jones v. Maryland Casualty Company. Please file same in your Civil District Court, numbering said Court at the beginning of the said petition.
"You need not issue service on this petition as a waiver will be entered.
"Please advise when this has been filed. Costs of Court will be forthcoming.
Very truly yours,
RPB/vt                                  *(Signed)* ROBERT P. BROWN."

The petition and letter were received by the clerk on July 23d, 1932. On July 29th, 1932, Joe L. May, an attorney acting for Robert P. Brown, directed a letter to Guy L. Smith, adjuster for plaintiff in error, as follows:

"July 29, 1932.

"Mr. Guy L. Smith, Adjuster,
"c/o Maryland Casualty Co.,
"Amarillo, Texas.

"Dear Sir:      Re: E. E. Jones v. Maryland Casualty Co.

"Mr. Robert P. Brown, attorney for E. E. Jones is away on vacation. Just before he left, he asked me to write to you and ask if you would be good enough to waive service of process in the above case, which I understand is filed in Lubbock County, Texas.

"Thank you in advance for an immediate favorable reply.
                              Very truly,
jlm/s                                   JOE L. MAY."

The adjuster replied to that letter as follows:

"Amarillo Office, 212 1/2 E. 6th
August 1, 1932.

"28432 M Comp
McDonald Construction Company
.E. E. Jones

Mr. Joe L. Mays,
Attorney at Law,
208 Rust Building
San Angelo, Texas.

Dear Sir:      .

"This will acknowledge receipt of your letter of July 29th regarding the above-captioned case. I am sorry to inform you that it is against the policy of our company to waive service of process, and I therefore cannot do so in this case.

                    Yours very truly,
                    (Signed) GUY L. SMITH
                             Guy L. Smith, Adj."

Mr. Brown, the employee's attorney, seems to have been on a visit to California at the time the adjuster's letter was received by Mr. May. Just when the California visit began is not made clear, but it is shown that as soon as the letter came to Mr. Brown's hands after his return from California on August 25th, he instructed the clerk to issue citation, which was done immediately. It thus appears that the petition was filed within less than 20 days after the receipt by the board of the notice of intention not to abide by the award; that citation was withheld at the request of the employee's attorney, and that when issued more than 20 days had elapsed from the receipt by the board of the notice. By various assignments

the question is presented that the district court acquired no jurisdiction to hear, try or determine the cause.

Many cases involving the question of the tolling of ordinary statutes of limitation by the filing of a petition with direction to the clerk to withhold the issuance of citation are cited and relied upon. We do not find it necessary to consider or discuss these cases, because the question is not whether ordinary limitation statutes were tolled, but whether the court acquired any jurisdiction.

The applicable statute is Article 8307, Sec. 5, Vernon's Ann. Tex. Civ. Statutes, a portion of which is as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice *bring suit* in the county where the injury occurred to set aside said final ruling and decision. * * * If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto * * *."

In Ocean Accident & Guaranty Corporation v. May, (Com. App.) 15 S. W. (2d) 594, it was pointed out that the statute in one place employs the words "bring suit" and in another "institute and prosecute a suit," and the conclusion announced that the two phrases mean the same thing. In defining their meaning this language was employed:

"In our opinion the filing of the petition with the clerk of the proper court, with the bona fide intention that process shall be issued and served at once, is all that is necessary to comply with the statute. It is true that the statute says that if the party fails to *institute* and *prosecute* the suit within 20 days the ruling and decision of the board shall be final; but we think that the party appealing from the rulings and decision of the board has complied with this statute when he files his petition in the proper court with the bona fide intent that citation shall issue and be served at once upon the defendants."

In his opinion prepared for the Court of Civil Appeals in this case Justice MARTIN points out that there are two statutory methods of bringing a defendant within the court's jurisdiction, one by the issuance and service of process and the other

by procuring and filing a waiver of its issuance and service as provided in Article 2045, R. S. 1925. In the May case, supra, the Court was not dealing with a question of waiver, and the language there employed must be understood in the light of the question presented.

Adapting that language to the situation brought about by the facts of this case so as to take account of the right of a plaintiff to have a waiver subsituted for a citation and service, we hold that a party appealing from an award by the board has complied with the statute when he files his petition in the proper court with the bona fide intent that a waiver of the issuance and service of citation will be procured and filed without delay, failing in which he will request that citation issue at once. Of course, there must be a bona fide intention to prosecute the suit, which must be evidenced by acts of the party filing same, an undisclosed intention not being sufficient.

In the instant case it clearly can not be held, as a matter of law, that the employee had no bona fide intention to prosecute his suit at the time he filed his petition. It is our view that the trial court properly held that, as a mater of law, it had acquired jurisdiction of the cause, but since the employee has filed no application for writ of error, we are not authorized to reverse the judgment of the Court of Civil Appeals. No assignment complains of its order of reversal.

The judgment of the Court of Civil Appeals will be affirmed.

Opinion adopted by the Supreme Court May 12, 1937.