## AMERICAN·CASUALTY & LIFE CO. v. ROBINSON.

### No. 4612.

Court of Civil Appeals of Texas. El Paso.
Jan. 26, 1949.

Rehearing Denied Feb. 23, 1949.

W. C. Peticolas, of El Paso, for appellant.

Cunningham, Ward & Cunningham, of El Paso, for appellee.

McGILL, Justice.

This suit was filed in the 65th Judicial District Court of El Paso County. It was a suit to recover total disability sickness benefits provided by a policy of health and accident insurance, issued by appellant to Irene H. Robinson on June 18, 1947. On that date and long prior thereto and at all relevant times thereafter Irene H. Robinson was the wife of appellee Gene Lee Robinson, Sr. Trial to a jury resulted in a judgment in favor of appellee against appellant for $1,374.25.

Three points are presented. They are: The Court erred in overruling defendant's plea in abatement; the Court erred in overruling defendant's plea of privilege to be sued in Dallas County; and the Court erred in entering judgment for plaintiff because the jury's answer to Special Issue No. 4 was against the great weight and preponderance of the evidence. (On the application for the policy which was signed by Mrs. Robinson a question was asked "Have you in the past 3 years had medical or surgical advice or treatment of any illness or injury?" The answer to the question appearing on the application was "No". In answer to Special Issue No. 3 the jury found that this answer was untrue, and in answer to Special Issue No. 4 they found such answer was not material to defendant's issuance of the policy sued on.)

The following appears from the transcript: January 27, 1948, the original petition was filed. Irene H. Robinson and her husband Gene Lee Robinson, Sr., were parties plaintiff and recovery was sought by both of them against appellant as defendant. February 12, 1948, defendant filed its plea in abatement and subject thereto its original answer. The plea in abatement alleged the pendency of a suit filed in the 95th Judicial District Court of Dallas County on January 19, 1948, by appellant as plaintiff against Irene H. Robinson as defendant to cancel the insurance policy on which plaintiff sought to recover, on the ground that it had been obtained by misrepresentations of Irene H. Robinson contained in her application therefor. March 4, 1948, plaintiffs filed their motion to dismiss Irene H. Robinson from the suit and the motion was granted on the same day. March 15, 1948, the court overruled defendant's plea in abatement; March 16, 1948, defendant filed its plea of privilege to be sued in Dallas County, March 17, 1948, plaintiff Gene Lee Robinson, Sr., filed his controverting plea and the plea and controverting plea were set for hearing by the court on March 29, 1948. March 30, 1948, the court overruled defendant's plea of privilege.

We shall first discuss the assigned error of the court in overruling the plea of privilege. The plea conforms in all respects with the requirements of Rule 86, Rules of Civil Procedure. By his controverting plea plaintiff alleged that defendant had submitted to the jurisdiction of the court and waived its right to file a plea of privilege by filing its plea in abatement on which a hearing had been had. He further alleged: "Plaintiff further alleges and says that his claim is founded on a contract in writing obligating defendant to perform in El Paso County, Texas, and expressly naming such county. Plaintiff further shows that the defendant is incorporated in Texas as an Association, being a state-wide mutual insurance company, and that his cause of action arose in El Paso County, Texas, and that plaintiff resided in said county at the

time *of* said cause of action arose, and that said association has an agency or representative in such county. Plaintiff also avers that the Defendant is a state-wide mutual assessment company, that his claim arises from a policy issued by said company, that his wife is the policyholder, and that she lives in El Paso County, Texas, and has continuously lived in said County since long prior to the issuance of said policy."

In his controverting plea plaintiff specified Sections 5, 23 and 28a of the Venue Statute, art. 1995, R.C.S., Vernon's Ann. Civ.St. art. 1995, subds. 5, 23, 28a, as the sections under which he sought to maintain venue in El Paso County. In his brief appellee has abandoned Section 5 and relies on Sections 23, 28 and 28a to sustain the venue.

■ Venue may be maintained under a section of the Statute which is not specifically relied on in the controverting plea, if the pleading and proof show that venue will lie under such Section. Highway Motor Freight Lines v. Slaughter, Tex.Civ. App., 84 S.W.2d 533, loc cit. 537; Edmonson v. Underwriters Life Ins., Co., Tex. Civ.App., 153 S.W.2d 236, loc. cit. 237(2).

Under Section 28, suits on health and accident insurance policies may be brought " * * * in the county where loss has occurred * * * ". Plaintiff did not specifically plead that the loss occurred in El Paso County. However, on the hearing on the plea and controverting plea the oral deposition of Mrs. Robinson was introduced without objection. From this it appears that she resided in El Paso County at all times when she became sick and suffered the disability for which appellee sued; hence it appears without dispute that the loss occurred in El Paso County and that venue was properly maintained there under Section 28. United Fidelity Life Ins. Co. v. Romike, Tex.Civ.App., 195 S.W.2d 212.

Under Rules 67 and 90, R.C.P. the defect in pleading in the controverting plea is of no consequence.

■ We think it unnecessary to labor this point, but will say in passing that in our opinion venue was also properly maintained in El Paso County under Section 28a. There is no question but that appellant is a Statewide Mutual Assessment Company within the purview of the Statute. Under this section venue lies " * * * in the county where the policyholder or beneficiary instituting such suit resides * * * ". Mrs. Irene H. Robinson was the "policyholder", she being the insured. She resided in El Paso County at the time the suit was filed. Furthermore, she was a party plaintiff in the original petition; the suit was instituted by her as well as her husband when the original petition was filed with the clerk, with the bona fide intention that process should be issued and served. Maryland American Casualty Co. v. Jones, 129 Tex. 392, 104 S.W.2d 847; Ocean Accident & Guaranty Corporation v. May, Tex.Com.App., 15 S.W.2d 594, 597.

Process was promptly issued and served. Therefore Mrs. Irene H. Robinson was a "policyholder * * * instituting such suit" within Section 28a. The fact that she was later dismissed as a party plaintiff would not change the venue if properly laid. Furthermore, if appellee was the only proper party plaintiff in bringing the suit because the benefits sued for were community property of him and his wife, yet he was her representative in instituting the suit and she was still a "policyholder * * * instituting such suit" within the meaning of Section 28a. Any other construction would render the Statute meaningless as to the community claims of married women arising from or predicated upon the policy or contract of such Statewide Mutual Assessment Companies, and would evidence an intention to discriminate against them. Such construction will not be tolerated. The court did not err in overruling appellant's plea of privilege.

A hearing before the Court was begun on defendant's plea in abatement on March 4, 1948, and was continued to March 15, 1948. On this hearing defendant introduced the following exhibits: A stipulation entered into between the attorneys for plaintiffs and defendant on March 4, 1948, whereby it was stipulated that prior to the institution of this suit on January 27, 1948, a suit was filed by defendant against Irene H. Robinson on January 19, 1948, in the

95th Judicial District Court of Dallas County, to cancel the policy sued on upon the ground that such policy was obtained by misrepresentations in the insured's (Irene H. Robinson's) application therefor, upon which the Insurance Company relied; that such suit was then pending; a certified copy of plaintiff's original petition in such suit and a copy of plaintiff's first amended original petition filed in the Dallas County District Court on March 8, 1948, in which appellee Gene Lee Robinson, Sr., was made a party defendant to that suit. Plaintiff introduced the policy sued on in this suit.

■■■ It appears from these exhibits that in the Dallas County District Court suit appellant sought to cancel for misrepresentations of Mrs. Robinson in obtaining it, the identical policy which is the basis of recovery in this suit. On the trial on the merits before the jury, evidence was introduced which probably would have warranted the court when passing on the plea in abatement in applying the rule enunciated in Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733, 736. That rule is thus stated: "If a proposed plaintiff contemplates bringing suit immediately in a given court in which he has the right to bring it, and the proposed defendant, knowing of such intention of the proposed plaintiff, fraudulently induces him to postpone the filing of his suit—the proposed defendant purposing at the time to take advantage of the delay thus fraudulently obtained to forestall the plaintiff's contemplated suit by another suit in different county—the plainest principles of equity and fair dealing require that such defendant be estopped from asserting, as ground for abatement, the pendency of the suit so filed by him in consummation of his fraud. In such a case, when the proposed plaintiff files his suit in the court in which he so contemplated bringing it, such court takes and holds the dominant jurisdiction over the parties and subject-matter of the suit, for the reason the defendant will not be permitted to defraud the plaintiff of the benefits of the full and unhampered jurisdiction of that court which, in good conscience, he is entitled to enjoy."

However, no evidence sufficient to invoke the application of this rule was offered on the hearing on the plea in abatement, and of course the court could not and did not consider the evidence offered on the trial of the case in ruling on the plea. The question is thus squarely presented as to whether under the facts adduced upon the hearing on the plea in abatement, the pendency of the suit to cancel the policy abates the suit to enforce it. In an annotation in 118 A.L.R. page 1240, it is stated: " * * * while the cases are not in accord, the better rule would seem to be (and it is probably correct to say that the general result of the cases supports this conclusion or at least is not in disagreement with it) that, with respect to actions to cancel a contract, or to enforce it or recover damages for its breach, the commencement of an action of the first kind does not abate an action of the latter type brought by the defendant in the first suit, or vice versa. It seems clear that a suit to cancel a contract is not based upon the same cause of action as a suit to enforce it, nor is the relief sought identical in the two kinds of action. The only logical ground upon which the view might be taken that an action to cancel a contract abates an action to enforce it, or vice versa, would seem to be that the relief sought in the subsequent action should have been prayed for by way of counterclaim in the first, but since, as is indicated in 1 Am.Jur. Abatement and Revival, p. 41 (37), according to the great weight of authority, the fact that a defendant might have sought relief by way of counterclaim is no ground for holding that the pendency of an action against him abates a subsequent action in which the same relief is sought by him affirmatively, it would seem that there is little or no reason to hold an action to cancel a contract to be abated by a prior action by the other party to enforce it, or vice versa."

The statement is supported by citation of respectable authority. Texas cases are separately annotated on the general point, but no case involving an insurance policy is cited. So far as we have been able to ascertain, the question as applied to a health and accident insurance policy is one of first impression in this state. We think, however, that the question is foreclosed by

the holding in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1070. In that case it was held that a suit for cancellation of notes and a deed of trust securing them on the ground of fraud and a suit to recover the amount of such notes and to foreclose such deed of trust involved the same cause of action, and the latter suit was abated by the former. In the opinion the court said: "It is true the Johnson county suit is for the cancellation of the instruments involved, while the Dallas county case is for recovery on them. However, such defenses as the defendants in the Johnson county case have to the suit for cancellation they may there assert. They must there assert the validity of the notes and deed of trust involved or be barred."

The same may be said here. Such defenses as the defendants in the Dallas County suit have to the cancellation of the policy here involved they may there assert. They must there assert the validity of the policy involved or be barred from recovery thereon. It is true that there is a distinction between the entire cause of action involved in this suit and in the Dallas County suit which does not exist in Cleveland v. Ward. An action to cancel and rescind an insurance policy is not the identical cause of action as an action to recover on the policy. A judgment of the Dallas County court determining that the plaintiff there was not entitled to rescind or cancel the policy would not determine that the defendant or defendants had a cause of action on the policy. The action to recover on the policy is broader in its scope than the action to cancel or rescind the policy. In order to recover on the policy it must be shown not only that there is a valid policy, but likewise that the event which gives rise to the cause of action on the part of the insured has occurred. The Dallas County court, unless its jurisdiction were invoked by cross-action, was absolutely without power to determine the occurrence or non-occurrence of the event giving rise to the liability of the insurance company. Its judgment that the policy was not obtained by fraud or material misrepresentation would have no tendency to establish that the insured was totally disabled within the meaning of the policy, or

that premiums had been paid in accordance with the terms thereof. In Cleveland v. Ward the judgment of the Johnson County court would determine whether or not the defendants had a cause of action against the plaintiffs. If the plaintiffs were unsuccessful in that suit the judgment would establish the validity of the notes and deed of trust and debar plaintiffs from subsequently contesting them, and would in effect establish defendant's cause of action. Absent some other defense, such as limitation or payment, which was not involved in the pleadings in Cleveland v. Ward, the judgment would have been res adjudicata as to all issues establishing the plaintiff's liability to defendants. In this case, unless the defendants filed a cross-action in the Dallas County suit, they could lose, but not conclusively win. The judgment of that court as to them, if they won, could be neither a shield nor a sword.

Nevertheless, to recover in this suit appellee had to establish as part of his cause of action the validity of the policy sued on. This was the identical issue which the Dallas County court had acquired jurisdiction to try, and so far as this record reveals, it still retains such jurisdiction. Regardless of the identity of the entire cause of action, it cannot be gainsaid that the District Court of El Paso County, in attempting to try this issue, was attempting to interfere with the jurisdiction of the District Court of Dallas County, to determine a matter of which it had first acquired jurisdiction. This, as we construe Cleveland v. Ward, the District Court of El Paso County had no power to do. We regard the holding in Cleveland v. Ward that under the facts there presented the prior suit filed in the District Court of Johnson County abated the suit subsequently filed in the District Court of Dallas County applicable to the facts presented here, and hence controlling. The authorities following Cleveland v. Ward are also in point. See Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813; Way & Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W.2d 1067.

We therefore hold that the court erred in overruling defendant's plea in abate-

ment. This holding makes it unnecessary to discuss appellant's other point.

The judgment is reversed, and in accordance with the opinion in Cleveland v. Ward, judgment is here rendered dismissing the suit, this being the only judgment that the 65th Judicial District Court of El Paso County had jurisdiction to render.

Reversed and rendered.