**SERVICE LLOYDS INSURANCE COMPANY, Appellant,**

v.

**Bert COOK, Appellee.**

**No. 01–91–00711–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1992.

Rehearing Denied Aug. 13, 1992.

Dean G. Pappas, David B. Edwards, Janet Giessel Townsley, Phillips & Akers, Houston, for appellant.

Robert L. Santos, Ronnie E. Pfeiffer, Lloyd J. Culp, Whittinton, Pfeiffer & Vacek, Houston, for appellee.

Before COHEN, DUGGAN and PRICE,[1] JJ.

## OPINION

COHEN, Justice.

The issue before us is whether former TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon 1967), *repealed by* Act of January 1, 1991, 71st Leg., 2nd C.S., ch. 1, § 16.01(10) to (12), 1989 TEX.GEN.LAWS 114, 114, requires a petitioner seeking to set aside an Industrial Accident Board award to use due diligence in serving citation. The trial judge ruled for appellee because appellant had not used due diligence to serve appellee with citation. We hold that due diligence to serve citation is not required, and that in any event, appellant was diligent. Thus, we reverse and remand.

In January of 1987, appellee, while acting in the scope of his employment, was injured in a car accident. On July 16, 1987, the Industrial Accident Board (IAB) awarded appellee $5,441.92. Appellant was the worker's compensation carrier for appellee's employer. On July 20, 1987, appellant served notice of its intent to appeal the IAB decision. On July 30, 1987, appellant's attorney sent a "courtesy letter" to appellee's original attorney, Rex Mounger, that included a copy of the suit to be filed and asked Mounger to voluntarily answer suit and waive service of citation. Mounger declined, and later refused to disclose appellee's whereabouts.

Appellant filed its petition to set aside the award on August 3, 1987. It paid the district clerk's fee for citation that day, and the district clerk issued citation on August 5. On August 20, 1987, appellant paid the sheriff's fee for service and requested the Waller County Sheriff to serve appellee. Michael Phillips, appellant's attorney, testified without objection that officers made five or seven unsuccessful attempts to serve appellee. The next record of an attempt to serve appellee was in September of 1989, when appellee was served.

The IAB files show appellee as having a Hempstead, Texas address on July 16, 1987. That is where appellant attempted to serve him. Appellee testified he resided in Hempstead from 1985 to 1987, but he lived in Baytown, Texas from 1987 to 1989. Appellee testified that from July to December of 1987, he resided approximately 70 percent of his time at the Hempstead address and 30 percent of his time in Baytown. Appellee's wife and stepson lived at the Hempstead address full-time until December of 1987. Appellee's landlord and employer knew he resided part of each week in Baytown.

Neither the IAB nor appellant had notice of appellee's change of address. After appellee's new attorney, Ron Pfeiffer, sued appellant in 1989 on a bad faith claim, he gave appellant appellee's Baytown address for the first time. Appellee was finally served on September 12, 1989.

The trial judge conducted a separate trial on the issue of whether appellant had exercised due diligence in prosecuting this suit. The judgment declares that the judge was "of the opinion that (appellant) failed to exercise due diligence in the service of citation" on appellee. There are no findings of fact or conclusions of law.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

[redacted] In its first point of error, appellant asserts the trial court erred in requiring due diligence, because none is required to serve citation in a suit to appeal an IAB award. In its second point of error, appellant asserts the trial court erred in holding appellant failed to exercise due diligence because there was no evidence or factually insufficient evidence to support such a finding, and the evidence conclusively established the exercise of due diligence. We agree with appellant.

[redacted] The procedure to set aside an IAB award is governed by TEX.REV.CIV.STAT. ANN. art. 8307, § 5, which requires that appellant "bring ... institute and prosecute" its suit within 20 days after filing an appeal notice with the IAB. This dual requirement is satisfied when a claimant files a petition within 20 days with the bona fide intent that citation shall issue and be served at once or that a waiver of citation will be obtained and filed at once. *Maryland Casualty Co. v. Jones,* 129 Tex. 392, 104 S.W.2d 847, 849 (1937); *Ocean Accident & Guaranty Corp. v. May,* 15 S.W.2d 594, 597 (Tex.Comm'n App.1929, judgm't adopted); *Herrera v. Texas Employers' Ins. Ass'n,* 653 S.W.2d 359, 360 (Tex.App.—San Antonio 1983, no writ); *Wilborn v. Texas Employers Ins. Ass'n,* 558 S.W.2d 65, 67 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.)

The early case of *Ocean Accident & Guaranty Corp. v. May* established the requirements necessary to comply with article 8307, § 5. The court held that filing the petition with the clerk of the proper court, with the bona fide intention that process shall be issued and served at once, is all that is necessary to comply with the statute. *Ocean Accident,* 15 S.W.2d at 597. The court held the phrase "bring suit" in article 8307, § 5, was synonymous with the "institute and prosecute" provision in the statute. *Id.* Further, the court emphasized that the insurance carrier did nothing to delay the issuance or service of citation and, therefore, the statutory requirements had been met. *Id.* As in *Ocean Accident,* the appellant here did nothing to delay the issuance or service of citation. It promptly filed suit, promptly requested waiver of service, promptly paid for citation, and promptly asked the sheriff to serve citation.

In *Maryland Casualty Co. v. Jones,* the supreme court held that cases construing ordinary statutes of limitations are irrelevant to the issue before us "because the question is not whether ordinary limitation statutes were tolled, but whether the court acquired any jurisdiction." 104 S.W.2d at 849. We hold, as a matter of law, that the trial court acquired jurisdiction of this appeal. We agree that the issue is not one of limitations. The purpose of limitations statutes is to compel a plaintiff to notify a defendant promptly that he has been sued, so that he may preserve evidence, secure witnesses, and organize a defense. Such considerations are not involved here. Appellee obviously knew he was involved in a contested proceeding; the case had already been litigated before the IAB. Moreover, a claimant who wins an IAB award will ordinarily know, even without service of citation, that the employer has appealed because he will not receive his award.

The first and second points of error are sustained.

The judgment is reversed, and the cause is remanded.