Thibodeaux v. Lumbermens 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00580-CV







John Thibodeaux, Appellant



v.



Lumbermens Mutual Casualty Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 488,167, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







PER CURIAM


 This appeal arises from a workers' compensation suit. Appellee Lumbermens
Mutual Casualty Company sued appellant John Thibodeaux to set aside an award of the Texas
Workers' Compensation Commission. (1) Thibodeaux cross-petitioned to mature the award, alleging
that his award had become final and that he had received no payment. The trial court denied
Thibodeaux' petition to mature the award and, after a jury found that Thibodeaux was not injured
in the course of employment, rendered judgment for Lumbermens. Thibodeaux challenges the
denial of his petition to mature the award by a single point of error. We will affirm the judgment
of the trial court.

 Thibodeaux argues in his sole point of error that the trial court never obtained
jurisdiction of Lumbermens' suit because Lumbermens' request that Thibodeaux' counsel answer
its suit did not justify Lumbermens' delay in causing citation to issue. The statute governing
Lumbermens' suit to set aside the Commission's award required it to notify the Commission of
its suit within twenty days of the Commission's decision and to "bring suit" in a court of
competent jurisdiction within twenty days of giving notice. Act of May 23, 1977, 65th Leg.,
R.S., ch. 412, § 1, 1977 Tex. Gen. Laws 1113 (Tex. Rev. Civ. Stat. Ann. art. 8307, § 5, since
repealed and codified at Tex. Lab. Code Ann. § 410.251-.254 (West Supp. 1995)) ("art. 8307,
§ 5"). The statute also required Lumbermens to "institute and prosecute" its suit within the
twenty days following notice. Id.

 Courts adjudicating suits to set aside Commission awards have held that the words
"institute and prosecute" in article 8307, section 5, mean the same as the words "bring suit." 
Maryland Cas. Co. v. Jones, 104 S.W.2d 847, 849 (Tex. 1937); Ocean Accident & Guar. Corp.
v. May, 15 S.W.2d 594, 597 (Tex. Comm'n App. 1929, judgm't adopted); Service Lloyds Ins.
Co. v. Cook, 834 S.W.2d 119, 121 (Tex. App.--Houston [1st Dist.] 1992, writ denied). Filing
a petition within twenty days of notice with the bona fide intent that citation will issue and be
served at once or that a waiver of citation will be obtained and filed at once is all that the statute
requires. Jones, 104 S.W.2d at 849; May, 15 S.W.2d at 597; Cook, 834 S.W.2d at 121.

 The twenty-day period to bring suit is jurisdictional. Standard Fire Ins. Co. v.
LaCoke, 585 S.W.2d 678, 680 (Tex. 1979). Because the statute concerns jurisdiction and not
limitations, the due-diligence requirements of a statute of limitations do not apply. Jones, 104
S.W.2d at 849; Cook, 834 S.W.2d at 121.

 The Commission made its award to Thibodeaux on July 25, 1990. Lumbermens
notified the Commission of its intent to sue on August 14 and filed suit on July 26, 1990. Counsel
for Lumbermens, Dana McClaren, instructed the clerk in her letter accompanying the petition that
issuance and service of citation were not then required. On the day she filed suit, McClaren
called counsel for Thibodeaux, Jack Eisenberg, to ask whether he would accept service of process
on Thibodeaux' behalf. Eisenberg replied that he would ask Thibodeaux and let McClaren know. 
McClaren followed the phone call with a letter to Eisenberg dated August 2, in which she
enclosed a copy of the petition and inquired whether Eisenberg would agree to accept service of
the petition and file an answer on behalf of Thibodeaux. McClaren concluded the letter by stating
that she hoped for an early response from Eisenberg. Not having heard from Eisenberg by August
29, McClaren called his office on that date to determine whether Eisenberg would agree to accept
service of process on behalf of Thibodeaux. An office worker told McClaren that the office was
continuing to ask Thibodeaux whether he would authorize Eisenberg to accept service and that
someone would call her on finding out.

 On September 19, McClaren's legal assistant spoke with Eisenberg by phone and
asked whether he had contacted Thibodeaux. Eisenberg responded that he had written Thibodeaux
but had not yet received an answer. Although Eisenberg stated that he would write Thibodeaux
again and contact McClaren's office, the legal assistant never heard from him on the matter. 
McClaren's legal assistant testified that Eisenberg never refused to waive service of process and
never told her to obtain formal service on Thibodeaux.

 On October 16, McClaren again telephoned Eisenberg's office to determine
whether he would agree to accept service of process. She left word with an office worker, who
told her that the office was still checking with Thibodeaux and that someone would let her know
his response. To follow up on the phone conversation, McClaren wrote Eisenberg a letter on
October 19 requesting him to inform her immediately whether he would file an answer on behalf
of Thibodeaux or whether McClaren should have citation served. Eisenberg did not respond to
this letter.

 McClaren's legal secretary testified that she left messages for Eisenberg three or
four times, but that he never responded. When she finally spoke with him on December 17, she
asked whether he would accept service of process on Thibodeaux' behalf. Eisenberg said that he
had not yet communicated with his client. When the legal secretary stated that McClaren was
anxious to move forward with the case, Eisenberg replied that she should have Thibodeaux
served.

 On December 17, McClaren requested the district clerk to issue citation. She
received the issued citation on January 9, 1991, and forwarded it to the Williamson County sheriff
for service on January 28. Because Thibodeaux changed his address after he filed his first report
of injury, he was not located and served until April 23, 1991.

 Thibodeaux bore the burden in the trial court to prove that Lumbermens did not
bring suit timely. Following its denial of Thibodeaux' petition to mature the award, the trial court
found as a fact that Lumbermens timely filed its petition contesting the award with a bona fide
intent that waiver of service or issuance of citation be obtained at once. Thibodeaux attacks this
finding on appeal.

 Based on Thibodeaux' burden of proof at trial and the language of his argument,
we construe Thibodeaux' point of error to assert that he established as a matter of law that
Lumbermens did not file its petition timely with the bona fide intent that issuance or waiver of
citation be obtained at once. See O'Neil v. Mack Trucks, Inc., 542 S.W.2d 112, 114 (Tex. 1976). 
To determine Thibodeaux' matter-of-law challenge, we first examine the evidence in support of
the trial court's adverse finding, ignoring any contrary evidence. If no evidence supports the
adverse finding, we then examine the entire record to see if the contrary proposition is established
as a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).

 Lumbermens filed its petition within twenty days of giving notice. That on filing
suit Lumbermens instructed the clerk not to issue citation does not prove that Lumbermens failed
to bring suit timely. E.g., Jones, 104 S.W.2d at 848-49; Traders & Gen. Ins. Co. v. Spillers, 88
S.W.2d 738, 740 (Tex. Civ. App.--Fort Worth 1935, writ ref'd). Rather, the question the
evidence raises is whether Lumbermens filed its petition with a bona fide intent to obtain a waiver
of service without delay. Lumbermens asked Thibodeaux' attorney to accept service on the same
day it filed suit. Despite Eisenberg's repeated promises to obtain a reply from Thibodeaux and
to inform McClaren, McClaren continued to initiate communication with Eisenberg over the next
five months. The evidence shows that McClaren deferred causing citation to issue only in the
expectation that Eisenberg would accept service and file an answer. Once Eisenberg made clear
his refusal to accept service of citation, McClaren moved forward to obtain it. The evidence
supports Lumbermens' bona fide intent to procure a waiver of citation without delay. See, e.g.,
Spillers, 88 S.W.2d at 739-40 (plaintiff timely brought suit even though citation was not issued
for three and one-half months after plaintiff filed suit, partly because counsel failed to pay fee). 
Having determined that Thibodeaux did not establish as a matter of law that Lumbermens' failed
to bring suit timely, we overrule point one.

 We affirm the judgment of the trial court.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 12, 1995

Do Not Publish

1.   On the date Thibodeaux was allegedly injured, June 16, 1989, the Commission was still
named the Industrial Accident Board. See Act of December 12, 1989, 71st Leg., 2d C.S.,
ch.1, § 17.01, 1989 Tex. Gen. Laws 1, 115. Because Thibodeaux' award was made by the
Commission, we will use that name.