NUMBER 13-98-614-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CALEB AJIBADE, Appellant,

v.



EDINBURG GENERAL HOSPITAL, 

a/k/a EDINBURG HOSPITAL,

and THE CITY OF EDINBURG Appellees.

 

___________________________________________________________________


On appeal from the 275th District Court


of Hidalgo County, Texas.


___________________________________________________________________





O P I N I O N


Before Justices Dorsey, Chavez and Rodriguez



Opinion by Justice Chavez



 

 Appellant Caleb Ajibade suffered an injury at his job with appellee(1)
Edinburg Hospital in 1991. He sought workers' compensation benefits
through the Texas Workers' Compensation Commission, and, unhappy
with the impairment rating he received, he appealed to the district court
in 1994. Appellant subsequently sought supplemental income benefits
from the Commission, which were denied. On August 8, 1997,
appellant filed a petition in district court seeking review of the denial of
these claims. This petition named "Edinburg General Hospital, a/k/a
Edinburg Hospital" as the defendant. Ajibade mistakenly believed that
the hospital was owned by the City of Edinburg, and citation was
issued to the Edinburg city manager, John Milford, on October 1, 1997. 
However, this citation was never served. Another citation was issued
for Milford on March 12, 1998, and service was accomplished on
March 16, 1998. Separate citation for Edinburg Hospital was issued on
March 30, 1998, and served on April 6, 1998.

 Appellant is pro se on appeal, and was pro se throughout most of
the proceedings before the trial court. The only time appellant has been
represented by legal counsel was for a brief period after the summary
judgment had been granted. That representation ended before
appellant filed his notice of appeal.

 The hospital moved for summary judgment on the grounds that
limitations had run on appellant's claims, appellant had failed to
simultaneously file his petition with the Texas Workers' Compensation
Commission, and the City of Edinburg was not a proper party to the
lawsuit. The trial court granted the summary judgment without stating
the ground(s) on which the motion was granted. We affirm in part and
reverse and remand in part.

 When reviewing the trial court's action on a summary judgment,
we follow the well-established rules set out in Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In deciding
whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.
Id. Every reasonable inference must be indulged in favor of the
non-movant and any doubt resolved in his favor. Id. Summary
judgment is proper if the defendant establishes all elements of an
affirmative defense to each claim. American Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex. 1997). Once an affirmative defense has
been established, the non-movant must produce summary judgment
proof raising a fact issue in contravention of the affirmative defense. In
re Estate of Ayala, 986 S.W.2d 724, 726 (Tex. App.--Corpus Christi
1999, no pet.).

 Summary judgment may also be granted where, after adequate
time for discovery, there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have
the burden of proof at trial. Tex. R. Civ. P. 166a(i). When a trial court's
order granting summary judgment does not specify the ground or
grounds relied on for the ruling, summary judgment will be affirmed on
appeal if any of the theories advanced are meritorious. State Farm Fire
& Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 380 (Tex. 1993).

Timeliness of Appellant's Supplemental Motion for Summary
Judgment

 Appellant contends that summary judgment was improper
because appellees filed their "supplemental motion for summary
judgment in response to plaintiff's answer to defendant's motion for
summary judgment" less than twenty-one days before the date set for
a summary judgment hearing. The trial court set June 24, 1998 as a
date for submission of the motion for summary judgment on written
materials only. On June 9, 1998, appellees filed their supplemental
motion. Texas Rule of Civil Procedure 166a(c) provides that "Except on
leave of court, with notice to opposing counsel, the motion and any
supporting affidavits shall be filed and served at least twenty-one days
before the time specified for hearing." The record does not indicate that
appellees received leave of court to file their supplemental motion less
than twenty-one days before the hearing. 

 However, appellant did not object to the supplemental motion as
being untimely. The non-movant's failure to object to late notice of a
motion for summary judgment waives error. Rios v. Texas Bank, 948
S.W.2d 30, 33 (Tex. App--Houston [14th Dist.] 1997, no writ); Wyatt v.
Furr's Supermarkets, Inc., 908 S.W.2d 266, 270 (Tex. App.--El Paso
1995, writ denied); Luna v. Estate of Rodriguez, 906 S.W.2d 576, 582
(Tex. App.--Austin 1995, no writ); Davis v. Davis, 734 S.W.2d 707, 712
(Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.); but see Niemes
v. Ta, 985 S.W.2d 132, 137-38 (Tex. App.--San Antonio 1998, pet.
dism'd) (failure to object to late response to summary judgment motion
did not waive argument that late response was nullity). We conclude
that, because appellant failed to object to the late filing of the
supplemental motion, he waived error. The Judge's Signature

 For the first time at oral argument, appellant argued that the
signature on the order granting appellees' motion for summary
judgment was a forgery. Regardless of the merits of this claim, it was
not included in appellant's brief or his reply brief. The brief must state
all issues or points presented for review. Tex. R. App. P. 38.1(e). 
Therefore, this argument is not properly before us.

Limitations

 Appellees contended in their summary judgment pleadings that,
although appellant filed his petition on the day before the expiration of
the limitations period, limitations was not tolled because appellant failed
to use due diligence in attempting to serve the citation on the appellees. 
The mere filing of a petition will not toll the running of a statute of
limitation; to interrupt the statute, the plaintiff usually must exercise
due diligence in procuring the issuance and service of citation upon the
defendant. Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890 (Tex.
1975); Perry v. Kroger Stores, Store No. 119, 741 S.W.2d 533, 534
(Tex. App.--Dallas 1987, no writ). When a summary judgment is
sought on the basis that limitations have expired, it is the movant's
burden to conclusively establish the bar to limitations. Zale, 520
S.W.2d at 891. When the non-movant pleads diligence in requesting
issuance of citation, the limitations defense is not conclusively
established until the movant meets its burden of negating due diligence. 
Id. 

 However, the "due diligence" rules for ordinary statutes of
limitation are irrelevant in the context of an appeal to the district court
from a determination of the Texas Workers' Compensation Commission. 
Service Lloyds Ins. Co. v. Cook, 834 S.W.2d 119, 121 (Tex. App.--Houston [1st Dist.] 1992, writ denied); citing Maryland Cas. Co. v.
Jones, 104 S.W.2d 847, 849 (Tex. 1937). The purposes for requiring
a plaintiff to promptly notify a defendant that it has been sued - so that
it may preserve evidence, secure witnesses, and organize a defense -
are not involved here. Cook, 834 S.W.2d at 121. In this context, all that
must be shown by a plaintiff is a bona fide intent that process shall be
issued and served at once. Ocean Accident & Guar. Corp. v. May, 15
S.W.2d 594, 597 (Tex. Comm'n App. 1929); Cook, 834 S.W.2d at 121;
Herrera v. Texas Employers' Ins. Assoc., 653 S.W.2d 359, 360 (Tex.
App.--San Antonio 1983, no writ); Wilborn v. Texas Employers' Ins.
Assoc., 558 S.W.2d 65, 67 (Tex. Civ. App.--Amarillo 1977, writ ref'd
n.r.e.).

 In this case, appellant obtained issuance of citation against the
City of Edinburg on October 1, 1987, less than two months after the
petition was filed. However, for reasons that are not explained in the
record, this citation was not successfully served. Another citation was
issued on March 12, 1998, and service was accomplished on March 16,
1998. Separate citation for Edinburg Hospital was issued on March 30,
1998, and served on April 6, 1998.

 In his response to the motion for summary judgment, and in a
hearing on his request to amend and add to the trial court's findings of
fact and conclusions of law, appellant explained that he had difficulty
determining the ownership of Edinburg Hospital. Appellees presented
evidence that the City of Edinburg sold the hospital in 1986. However,
appellant presented a document suggesting that the City of Edinburg
paid his worker's compensation benefits as late as 1993. At the
hearing on his request for amendments to the trial court's findings,
appellant told the trial court that the registered agent for the hospital
had changed since the 1994 lawsuit, and there was some confusion
regarding the proper agent for service of process due to a subsequent
sale of the hospital to McAllen Medical Center, Inc. 

 We hold that appellees have not conclusively established that
appellant lacked a bona fide intent that process be issued and served at
once. Therefore, the affirmative defense of limitations was not a proper
ground for summary judgment.

Simultaneous Filing with the TWCC

 Appellees also argue that summary judgment was appropriate
because appellant neglected his duty to provide the Texas Workers'
Compensation Commission with simultaneous notice of the filing of his
petition. Appellant contends that he did provide simultaneous notice. 
However, appellees presented evidence that the TWCC had no record
of receiving this notice.

 A party seeking judicial review of a determination of the TWCC
must file a copy of the petition with the Commission on the same day
it files the petition with the trial court. Tex. Lab. Code Ann. § 410.253
(Vernon 1996); Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 962 (Tex.
1999). Although mandatory, this requirement is not jurisdictional. 
Sinclair, 984 S.W.2d at 961. If the TWCC receives late notice, the
proper remedy is not dismissal of the petition, but rather abatement, if
necessary. Id. at 961-62.

 Therefore, the failure of appellant to provide the TWCC with
simultaneous notice of the filing of his petition was not a legitimate
ground for summary judgment.

Liability of the City of Edinburg

 As mentioned above, appellant served process on the City of
Edinburg. The City answered and filed a motion for summary
judgment, asserting that it was entitled to summary judgment on the
ground that it had no interest in Edinburg Hospital at the time of
appellant's injury. The City attached to its motion a 1986 sales
agreement wherein it transferred all interest in the hospital to the
Edinburg Hospital Authority.(2) Also attached to the motion was an
affidavit from the Edinburg city secretary authenticating the sales
agreement and reiterating that the 1986 sale terminated all
ownership or management of the hospital by the City of Edinburg.

 Appellees argue that circumstances surrounding the
relationship between the City and the hospital raise a question of fact
regarding whether the City is a proper party. Appellant notes that
the City of Edinburg has the power to appoint the board of directors
for Edinburg Hospital, "a power only reserved for [the] owner or
stockholder[s] of a corporation." However, the Hospital Authority Act
directs that the board of directors of a municipal hospital authority be
appointed by the city. Tex. Health & Safety Code Ann. § 262.012(a)
(Vernon 1992). Therefore, the power of a city's governing body to
appoint the board of directors of a municipal hospital authority does
not imply that the city owns the hospital. 

 Appellant also notes that the hospital and the City have been
represented by the same attorneys at various times during this case,
and the City had previously paid workers' compensation benefits to
him. Neither of these facts is sufficient to impose liability on the City
of Edinburg, nor do they contradict the City's evidence that it
transferred all interests in the hospital prior to appellant's injury.

 Finally, appellant also contends that the sales agreement
submitted by the appellees is only an "agreement to agree" and is
not proof that the sale was actually completed. However, the city
secretary's affidavit stated that the sale was completed. Taken
together, the 1986 sales agreement and the affidavit from the
Edinburg city secretary conclusively establish the absence of any
management or ownership interest in the hospital on the part of the
City, and therefore, there is no basis for liability against the City for
appellant's claims. Summary judgment on behalf of the City was
proper on this basis. 

 We affirm the judgment of the trial court with regard to the City
of Edinburg. We reverse the judgment in favor of Edinburg Hospital
and remand the case for further proceedings.


 MELCHOR CHAVEZ

 Justice




Publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 18th day of May, 2000.

 

1. Summary judgment was granted in favor of both Edinburg
Hospital and the City of Edinburg, and these two entities have filed a
joint appellate brief. However, the City of Edinburg was not named as
a defendant, and the parties dispute whether the City of Edinburg is a
proper party to this case. In this opinion, we use the term "appellees"
to refer to both Edinburg Hospital and the City of Edinburg. 
2. The Edinburg Hospital Authority was created as a public
corporation and political subdivision of the state by the City of Edinburg
under the Hospital Authority Act. See Tex. Health & Safety Code Ann.
§ 262.001, et. seq. (Vernon 1992).