Caleb AJIBADE, Appellant,

v.

**EDINBURG GENERAL HOSPITAL, a/k/a Edinburg Hospital, and The City of Edinburg, Appellees.**

No. 13–98–614–CV.

Court of Appeals of Texas, Corpus Christi.

May 18, 2000.

Rehearing Overruled July 13, 2000.

---

Richard Otto Habermann, McAllen, Caleb Ajibade, Edinburg, for Appellant.

D. Wilkes Alexander, Roerig, Oliveira & Fisher, L.L.P., Brownsville, for Appellee.

Before Justices DORSEY, CHAVEZ and RODRIGUEZ.

## OPINION

Opinion by Justice CHAVEZ.

Appellant Caleb Ajibade suffered an injury at his job with appellee[1] Edinburg Hospital in 1991. He sought workers' compensation benefits through the Texas Workers' Compensation Commission, and, unhappy with the impairment rating he received, he appealed to the district court in 1994. Appellant subsequently sought supplemental income benefits from the Commission, which were denied. On August 8, 1997, appellant filed a petition in district court seeking review of the denial

of these claims. This petition named "Edinburg General Hospital, a/k/a Edinburg Hospital" as the defendant. Ajibade mistakenly believed that the hospital was owned by the City of Edinburg, and citation was issued to the Edinburg city manager, John Milford, on October 1, 1997. However, this citation was never served. Another citation was issued for Milford on March 12, 1998, and service was accomplished on March 16, 1998. Separate citation for Edinburg Hospital was issued on March 30, 1998, and served on April 6, 1998.

Appellant is pro se on appeal, and was pro se throughout most of the proceedings before the trial court. The only time appellant has been represented by legal counsel was for a brief period after the summary judgment had been granted. That representation ended before appellant filed his notice of appeal.

The hospital moved for summary judgment on the grounds that limitations had run on appellant's claims, appellant had failed to simultaneously file his petition with the Texas Workers' Compensation Commission, and the City of Edinburg was not a proper party to the lawsuit. The trial court granted the summary judgment without stating the ground(s) on which the motion was granted. We affirm in part and reverse and remand in part.

When reviewing the trial court's action on a summary judgment, we follow the well-established rules set out in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in his favor. *Id.* Summary judgment is proper if

1. Summary judgment was granted in favor of both Edinburg Hospital and the City of Edinburg, and these two entities have filed a joint appellate brief. However, the City of Edinburg was not named as a defendant, and the parties dispute whether the City of Edinburg is a proper party to this case. In this opinion, we use the term "appellees" to refer to both Edinburg Hospital and the City of Edinburg.

the defendant establishes all elements of an affirmative defense to each claim. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). Once an affirmative defense has been established, the non-movant must produce summary judgment proof raising a fact issue in contravention of the affirmative defense. *In re Estate of Ayala,* 986 S.W.2d 724, 726 (Tex. App.—Corpus Christi 1999, no pet.).

Summary judgment may also be granted where, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993).

### Timeliness of Appellant's Supplemental Motion for Summary Judgment

■ Appellant contends that summary judgment was improper because appellees filed their "supplemental motion for summary judgment in response to plaintiff's answer to defendant's motion for summary judgment" less than twenty-one days before the date set for a summary judgment hearing. The trial court set June 24, 1998 as a date for submission of the motion for summary judgment on written materials only. On June 9, 1998, appellees filed their supplemental motion. Texas Rule of Civil Procedure 166a(c) provides that "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." The record does not indicate that appellees received leave of court to file their supplemental motion less than twenty-one days before the hearing.

■ However, appellant did not object to the supplemental motion as being un-timely. The non-movant's failure to object to late notice of a motion for summary judgment waives error. *Rios v. Texas Bank,* 948 S.W.2d 30, 33 (Tex.App.—Houston [14th Dist.] 1997, no writ); *Wyatt v. Furr's Supermarkets, Inc.,* 908 S.W.2d 266, 270 (Tex.App.—El Paso 1995, writ denied); *Luna v. Estate of Rodriguez,* 906 S.W.2d 576, 582 (Tex.App.—Austin 1995, no writ); *Davis v. Davis,* 734 S.W.2d 707, 712 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *but see Neimes v. Ta,* 985 S.W.2d 132, 137–38 (Tex.App.—San Antonio 1998, pet. dism'd) (failure to object to late response to summary judgment motion did not waive argument that late response was nullity). We conclude that, because appellant failed to object to the late filing of the supplemental motion, he waived error.

### The Judge's Signature

■ For the first time at oral argument, appellant argued that the signature on the order granting appellees' motion for summary judgment was a forgery. Regardless of the merits of this claim, it was not included in appellant's brief or his reply brief. The brief must state all issues or points presented for review. Tex.R.App. P. 38.1(e). Therefore, this argument is not properly before us.

### Limitations

■ Appellees contended in their summary judgment pleadings that, although appellant filed his petition on the day before the expiration of the limitations period, limitations was not tolled because appellant failed to use due diligence in attempting to serve the citation on the appellees. The mere filing of a petition will not toll the running of a statute of limitation; to interrupt the statute, the plaintiff usually must exercise due diligence in procuring the issuance and service of citation upon the defendant. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 890 (Tex.1975); *Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ). When a summary

judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar to limitations. *Zale,* 520 S.W.2d at 891. When the non-movant pleads diligence in requesting issuance of citation, the limitations defense is not conclusively established until the movant meets its burden of negating due diligence. *Id.*

■ However, the "due diligence" rules for ordinary statutes of limitation are irrelevant in the context of an appeal to the district court from a determination of the Texas Workers' Compensation Commission. *Service Lloyds Ins. Co. v. Cook,* 834 S.W.2d 119, 121 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *citing Maryland Cas. Co. v. Jones,* 129 Tex. 392, 104 S.W.2d 847, 849 (1937). The purposes for requiring a plaintiff to promptly notify a defendant that it has been sued—so that it may preserve evidence, secure witnesses, and organize a defense—are not involved here. *Cook,* 834 S.W.2d at 121. In this context, all that must be shown by a plaintiff is a bona fide intent that process shall be issued and served at once. *Ocean Accident & Guar. Corp. v. May,* 15 S.W.2d 594, 597 (Tex. Comm'n App.1929); *Cook,* 834 S.W.2d at 121; *Herrera v. Texas Employers' Ins. Assoc.,* 653 S.W.2d 359, 360 (Tex. App.—San Antonio 1983, no writ); *Wilborn v. Texas Employers' Ins. Assoc.,* 558 S.W.2d 65, 67 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

In this case, appellant obtained issuance of citation against the City of Edinburg on October 1, 1987, less than two months after the petition was filed. However, for reasons that are not explained in the record, this citation was not successfully served. Another citation was issued on March 12, 1998, and service was accomplished on March 16, 1998. Separate citation for Edinburg Hospital was issued on March 30, 1998, and served on April 6, 1998.

In his response to the motion for summary judgment, and in a hearing on his request to amend and add to the trial court's findings of fact and conclusions of law, appellant explained that he had difficulty determining the ownership of Edinburg Hospital. Appellees presented evidence that the City of Edinburg sold the hospital in 1986. However, appellant presented a document suggesting that the City of Edinburg paid his worker's compensation benefits as late as 1993. At the hearing on his request for amendments to the trial court's findings, appellant told the trial court that the registered agent for the hospital had changed since the 1994 lawsuit, and there was some confusion regarding the proper agent for service of process due to a subsequent sale of the hospital to McAllen Medical Center, Inc.

We hold that appellees have not conclusively established that appellant lacked a bona fide intent that process be issued and served at once. Therefore, the affirmative defense of limitations was not a proper ground for summary judgment.

### Simultaneous Filing with the TWCC

■ Appellees also argue that summary judgment was appropriate because appellant neglected his duty to provide the Texas Workers' Compensation Commission with simultaneous notice of the filing of his petition. Appellant contends that he did provide simultaneous notice. However, appellees presented evidence that the TWCC had no record of receiving this notice.

■ A party seeking judicial review of a determination of the TWCC must file a copy of the petition with the Commission on the same day it files the petition with the trial court. Tex. Lab.Code Ann. § 410.253 (Vernon 1996); *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 962 (Tex.1999). Although mandatory, this requirement is not jurisdictional. *Sinclair,* 984 S.W.2d at 961. If the TWCC receives late notice, the proper remedy is not dismissal of the petition, but rather abatement, if necessary. *Id.* at 961–62.

Therefore, the failure of appellant to provide the TWCC with simultaneous notice of the filing of his petition was not a legitimate ground for summary judgment.

**42**

### Liability of the City of Edinburg

■ As mentioned above, appellant served process on the City of Edinburg. The City answered and filed a motion for summary judgment, asserting that it was entitled to summary judgment on the ground that it had no interest in Edinburg Hospital at the time of appellant's injury. The City attached to its motion a 1986 sales agreement wherein it transferred all interest in the hospital to the Edinburg Hospital Authority.[2] Also attached to the motion was an affidavit from the Edinburg city secretary authenticating the sales agreement and reiterating that the 1986 sale terminated all ownership or management of the hospital by the City of Edinburg.

■ Appellees argue that circumstances surrounding the relationship between the City and the hospital raise a question of fact regarding whether the City is a proper party. Appellant notes that the City of Edinburg has the power to appoint the board of directors for Edinburg Hospital, "a power only reserved for [the] owner or stockholder[s] of a corporation." However, the Hospital Authority Act directs that the board of directors of a municipal hospital authority be appointed by the city. TEX. HEALTH & SAFETY CODE ANN. § 262.012(a) (Vernon 1992). Therefore, the power of a city's governing body to appoint the board of directors of a municipal hospital authority does not imply that the city owns the hospital.

Appellant also notes that the hospital and the City have been represented by the same attorneys at various times during this case, and the City had previously paid workers' compensation benefits to him. Neither of these facts is sufficient to impose liability on the City of Edinburg, nor do they contradict the City's evidence that it transferred all interests in the hospital prior to appellant's injury.

Finally, appellant also contends that the sales agreement submitted by the appellees is only an "agreement to agree" and is not proof that the sale was actually completed. However, the city secretary's affidavit stated that the sale was completed. Taken together, the 1986 sales agreement and the affidavit from the Edinburg city secretary conclusively establish the absence of any management or ownership interest in the hospital on the part of the City, and therefore, there is no basis for liability against the City for appellant's claims. Summary judgment on behalf of the City was proper on this basis.

We affirm the judgment of the trial court with regard to the City of Edinburg. We reverse the judgment in favor of Edinburg Hospital and remand the case for further proceedings.

---

2. The Edinburg Hospital Authority was created as a public corporation and political subdivision of the state by the City of Edinburg under the Hospital Authority Act. *See* TEX. HEALTH & SAFETY CODE ANN. § 262.001, *et. seq.* (Vernon 1992).